## In re EMSLIE et al.

(Circuit Court of Appeals, Second Circuit. May 24, 1900.)

### No. 152.

1. MECHANICS' LIENS—SUFFICIENCY OF NOTICE.

Where the mechanic's lien law of the state (Laws N. Y. 1897, c. 418. § 9) provides that a notice of such lien, to bind the property, shall state, among other things, the agreed price or value of the labor performed or materials furnished, and the time when the first and last items of work were performed or materials furnished, a notice which wholly omits to specify these particulars is insufficient, although the statute also provides that a "substantial compliance" with its provisions shall be sufficient for the validity of the lien.

2. BANKRUPTCY—DISSOLUTION OF LIENS—MECHANICS' LIENS..

Where the mechanic's lien law of the state gives a lien for labor or materials from the time of the filing of a notice claiming such lien, authorizes such notice to be filed at any time during the progress of the work or within 90 days thereafter, and provides that if an action shall not be brought to enforce the lien within a specified time the lien shall be discharged, a lien acquired by the filing of such a notice within four months prior to the filing of a petition in bankruptcy against the insol-

vent debtor will not be dissolved by his adjudication as a bankrupt, under the provisions of Bankr. Act 1898, § 67f, not being a "lien obtained through legal proceedings," within the meaning of that section.

**8. SAME.**

Nor is such a lien dissolved by section 67e, which provides that an adjudication of bankruptcy shall annul all incumbrances of his property made or given by the bankrupt within four months prior to the filing of the petition, and intended to hinder, delay, or defraud his creditors, or which are void by the laws of the state in which the property is situated; for a mechanic's lien is not created by the debtor, but by the statute, or by the act of the lienor in filing the statutory notice.

**4. SAME—STAY OF ACTION IN STATE COURT.**

Where a creditor claiming a mechanic's lien on property of a person who has been adjudged bankrupt, over which the court of bankruptcy has acquired jurisdiction, brings an action in a state court for the foreclosure of such lien without leave of the bankruptcy court, it is an unwarrantable interference with assets of the bankrupt in the custody of the latter court, and the further prosecution of such action will be stayed.

(Syllabus by the Court.)

Appeal from the District Court of the United States for the Southern District of New York.

In Bankruptcy. See 97 Fed. 929; 98 Fed. 716.

C. H. Young, for appellant.

T. V. W. Anthony, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is an appeal from an order, granted upon the application of a trustee in bankruptcy, staying an action brought in a state court by a subcontractor to foreclose a lien, claimed under the New York mechanic's lien law, for the labor and materials furnished in building a house. The notice of lien was filed by the subcontractor April 28, 1899. August 15, 1899, upon a petition in involuntary bankruptcy filed by creditors, the contractors who erected the house for the owner of the real estate were adjudicated bankrupts. The action to foreclose the lien was commenced August 16, 1899.

We agree with the court below that a valid lien was not acquired by the subcontractor, owing to the omission to comply with the terms of the statute, which required the notice of lien to specify "the agreed price or value of the labor performed or to be performed and materials furnished or to be furnished," and "the time when the first and last items of work are performed and materials are furnished." Laws N. Y. 1897, c. 418, § 9. The notice of lien does not attempt to comply with either of these requirements, but states merely that "there remains due and unpaid (under contracts with Holland Emslie & Son) the sum of $1,700." Not only is there no statement of the contract price, or the value of the work and materials, or of the time when the first and last items were furnished, but there are no statements which by any possible implication can supply any information about these facts. The statute is to be liberally construed in aid of every beneficial purpose which was contemplated in its enactment, and a substantial compliance with its provisions is sufficient to uphold the lien. But a construction which would uphold a notice like

the present would nullify its provisions, which are intended for the benefit of every claimant as well as for the owner of the property. Foster v. Schneider (Sup.) 2 N. Y. Supp. 875; Brandt v. Verdon (Com. Pl.) 18 N. Y. Supp. 119. As was said in the former of these decisions:

"To entitle a claimant to its benefits, the directions of the statute must be substantially observed. If they are not, the lien cannot be secured, and the court has no power or authority to sustain the proceeding; for a substantial compliance with the requirements of the statute is necessary to confer jurisdiction."

We are constrained to differ from the opinion of the court below that the lien was void, as against the trustee in bankruptcy, irrespective of the insufficiency of the notice. The statute gives a lien for the value or the agreed price of the labor and materials from the time of the filing of the notice, authorizes the notice to be filed at any time during the progress of the work or within 90 days thereafter, provides that if an action shall not be brought to enforce the lien within a specified time the lien shall be discharged, and prescribes the procedure in an action to enforce the lien. When the notice is filed, provided the filing is within the period prescribed, the lien binds the property to priority of payment in favor of the lienor for any indebtedness for improving the property due from the owner, as against subsequently acquired rights and titles. It will be observed that, although the lien is not created until the filing of the notice, this is an act optional with the mechanic or material man, and, if he chooses, he can perfect a lien day by day concurrently with the progress of the work.

A trustee in bankruptcy cannot acquire a better title than the bankrupts had, except as to property which has been transferred contrary to the provisions of the bankrupt act, and takes the estate subject to all liens and incumbrances other than those enumerated in section 67. That section denies the privileges of a lien to claims which, for want of record or for other reasons, would not have been valid as against creditors if there had been no bankruptcy, and enumerates the liens and incumbrances which are dissolved by the adjudication of bankruptcy, or can be kept on foot and enforced by the trustee for the benefit of the estate. The latter consists of two classes,—liens obtained through legal proceedings against an insolvent debtor within four months prior to the filing of a petition in bankruptcy against him, and incumbrances created by the act of the bankrupt within four months prior to the filing of the petition, which are intended to defraud creditors or are void by the laws of the state in which the property is situated. The section preserves all liens given or accepted for a present consideration. In our opinion, liens like the present do not fall within either of the two classes. They are not within the first class, because they are not created or obtained through legal proceedings, either in strict definition or in the ordinary meaning of the term. A legal proceeding is any proceeding in a court of justice by which a party pursues a remedy which the law affords him. The term embraces any of the formal steps or measures employed in the prosecution or defense of a suit.

In the section it obviously refers to the use of judicial process, the phraseology being "levies, judgments, attachments, or other liens obtained through legal proceedings." The filing of notice of a mechanic's lien has no necessary relation to the initiation or the prosecution of a suit. The filing is essential in order to maintain the action to foreclose the lien, because otherwise the lien does not attach; but it is no more a preliminary step in the suit than is the protesting of a note in a suit against the indorser. It is a proceeding of the same kind as filing a chattel mortgage or recording a deed.

Such liens are not within the second class, because they are not an incumbrance created by the debtor. They are created by the statute, or by the act of the lienor in filing the statutory notice. The incumbrances which are invalidated by the section are those which are "made or given" by the person adjudged a bankrupt. They include, not only those specifically mentioned, "conveyances, transfers, and assignments," but all incumbrances, of whatever form, derived from his contractual act. Unless it can be said that the lien emanates in or is created by the contract authorizing the labor and materials to be furnished, it arises without his act. If it is a creature of the contract, rather than of the statute, it is supported by the same consideration, and, being given for a "present consideration," is preserved by the section.

There are no equitable considerations in favor of the general creditors of a debtor which should defeat a mechanic's lien. Every creditor dealing with the debtor does so with the knowledge that those who are furnishing labor and materials for the building can, if they choose, acquire a priority of payment over other creditors. Statutes giving such liens are designed to enable mechanics and material men to rely upon the security of the building itself, without looking to the responsibility of the owner. The justice and expediency of giving such claims priority over the debts of general creditors is manifested in the legislation of the several states. We cannot believe that it was the intention of congress to put them upon the footing of the liens particularly mentioned in section 67. The question of the validity of such liens was considered by the circuit court of appeals for the Seventh circuit. In re Kerby-Dennis Co., 36 C. C. A. 677, 95 Fed. 116. In considering the provisions of section 67 the court used this language:

"We cannot indulge the presumption that congress intended to avoid a lien secured by the act of labor, and preserved and continued in force only when legal proceedings are instituted within a specified time. Such a construction would avoid all mechanic's liens, and all the liens of laborers, which the laws of various states have for years sought to protect and to prefer."

We agree with the opinion of that court that the terms of section 67 do not invalidate such a lien. The learned judge in the court below thought the lien given by the New York statute was to be distinguished from the lien given by the statute of Michigan, which was under consideration in that case, by the circumstance that the lien under the New York statute originates in the filing of the notice of lien, while in the Michigan statute it originates by the act of furnishing the labor or materials, and is thus a strictly con-

temporaneous lien. We do not discover any substantial distinction between the two statutes. In one the lien is not given unless the notice is filed; in the other, although it arises when the labor or materials are furnished, it is lost unless a notice is filed within a specified time. The object of both statutes is the same, and both accomplish practically the same result. In one the filing of the notice is necessary to perfect the lien, and in the other it is necessary to preserve it. In both it is wholly optional with the lienor whether he will avail himself, or not, of his right of priority.

We have thought it necessary to discuss the questions which have been considered in regard to the efficacy of the lien, because, in making the order, the court below passed upon these questions apparently with the view of determining the rights of the parties to the fund in controversy. The order staying the action in the state court was a proper exercise of power, and should not be disturbed. That action was an interference with assets of the bankrupts in the custody of the bankruptcy court over which that court had previously acquired jurisdiction; and, as it was brought without the leave of the court, the order staying its prosecution was properly granted, within the principle of the decision of this court in the recent case of In re Russell (C. C. A.) 101 Fed. 248.

The order is affirmed, without costs.