### In re LILLINGTON LUMBER CO.

(District Court, E. D. North Carolina. October 5, 1904.)

1. BANKRUPTCY—LIENS—RECORDING AFTER BANKRUPTCY OF DEBTOR.
    A lien otherwise valid, which is required by a statute of the state to be recorded within 12 months, is valid and will be protected if recorded within that time, although after the bankruptcy of the debtor.

In Bankruptcy. On review of order of referee.

Godwin & Davis, for petitioning creditors.
Stewart & Godwin, for general creditors.
C. M. Muse, for trustee.

PURNELL, District Judge. First, the claim of Moffitt Bros., under the Code of North Carolina (sections 1784, 1789). The objections filed were many, most of which were abandoned on the hearing, and only two in reality insisted upon; the first being that, even if the lien was valid under the state laws, it was void under section 67f of the Bankrupt Act of July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]. The lien was acquired some months prior to the petition in bankruptcy, but not filed until after the adjudication, but it seems to have been filed, in accordance with the state statutes, within 12 months. The object of the bankrupt law was to preserve liens, which was the plain intention of Congress, theretofore acquired. In re Falls City Mfg. Co. (D. C.) 98 Fed. 592; In re New York Economical Printing Co., 110 Fed. 518, 49 C. C. A. 133; In re Emslie, 102 Fed. 293, 42 C. C. A. 350. Such a lien is that in the case at bar, but existed prior to the bankrupt's adjudication, though completed after.

The objection is that the property is not sufficiently described, but under the decisions of the state court, which it is unnecessary to cite, this exception seems to be without force. According to the testimony, the property was found as described in notice of lien, to wit, on the Salmon land.

The ruling of the referee is therefore affirmed.