SOLISS v. GENERAL ELECTRIC CO.

(Circuit Court of Appeals, Eighth Circuit. March 20, 1914.)

No. 4020.

(Syllabus by the Court.)

1. EXECUTORS AND ADMINISTRATORS (§ 223*)—TIME FOR PRESENTING CLAIMS—REPEAL OF STATUTE.

Section 1309, Statutes of Oklahoma 1893, required every executor or administrator to publish a notice to creditors to present their claims against an estate to him, and prescribed the method of publication. Section 1310 required the time specified in the notice for the presentation of such claims to be six months after the date of the first publication of the notice in cases in which the value of the estate exceeded $5,000, and four months in all other cases, and section 1312 declared that a claim on contract not presented within the time prescribed should be forever barred, except in cases immaterial here. Chapter 65 of the Session Laws of Oklahoma of 1910 amended section 1309, so that thereafter it provided that every executor or administrator should give notice to creditors of the deceased to present their claims to him within four months from the date of the notice, prescribed a different method of publication and a form of notice, and contained a declaration that all acts and parts of acts in conflict with that chapter were repealed. *Held*, chapter 65 of the Session Laws of 1910 did not repeal section 1310 of the Statutes of Oklahoma 1893,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the time for the presentation of claims against estates of a value in excess of $5,000 remained six months from the date of the notice.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 767; Dec. Dig. § 223.*]

2. STATUTES (§ 181*)—CONSTRUCTION—LEGISLATIVE INTENT.

The primary rule for the interpretation of a statute, the rule to which all others are subsidiary, is to ascertain and give effect to the intention of the legislative body expressed in the law. Courts may not assume or presume intents or purposes not fairly expressed in the statute, and then by judicial construction enact provisions to effect them. And the legal presumption is that the legislative body has expressed its intention in the statute; that it intended what it expressed and nothing more.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 259, 263; Dec. Dig. § 181.*]

3. STATUTES (§ 161*)—CONSTRUCTION—REPEAL BY IMPLICATION.

Where two statutes cover in whole or in part the same subject, are not wholly irreconcilable, and the latter neither clearly expresses nor indicates an intent to repeal the earlier, they must stand together, effect must be given to each, and the earlier is not repealed by the later.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 230–234; Dec. Dig. § 161.*]

In Error to the District Court of the United States for the Eastern District of Oklahoma; F. A. Youmans, Judge.

Action by the General Electric Company, a corporation, against John P. Soliss and others. Soliss dying, the action was revived against Mary Soliss, as executrix of his estate. Judgment for plaintiff, and the executrix brings error. Affirmed.

Thompson & Smith and Burke & Harrison, all of Sapulpa, Okl., for plaintiff in error.

L. O. Lytle, of Sapulpa, Okl. (McDougal & Lytle, of Sapulpa, Okl., on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and POPE, District Judge.

SANBORN, Circuit Judge. The General Electric Company brought this action against J. P. Soliss and others on two promissory notes which they had signed. During its pendency Soliss died testate and the action was revived against Mary Soliss as executrix of his estate. She answered that the estate was not indebted on the notes because the plaintiff had failed to present its claim against the estate of the deceased to her within four months after the first publication of her notice to creditors of the estate to present their claims. At the trial these facts were established: The value of the estate of Soliss exceeded $5,000. Sections 1309, 1310, and 1312 of the Statutes of Oklahoma 1893 provided:

"Sec. 1309. Every executor or administrator must, immediately after his appointment, cause to be published in some newspaper in the county, if there be one, if not, then such newspaper as may be designated by the court, a notice to the creditors of the decedent, requiring all persons having claims against him to exhibit them, with the necessary vouchers, to the executor or administrator, at the place of his residence or business, to be specified in the

notice. Such notice must be published as often as the judge shall direct, but not less than once a week for four weeks. * * *

"Sec. 1310. The time expressed in the notice must be six months after its first publication, when the estate exceeds in value the sum of five thousand dollars, and four months when it does not."

"Sec. 1312. If a claim arising upon a contract heretofore made, be not presented within the time limited in the notice, it is barred forever. * * * *"

On March 17, 1910, the Legislature of Oklahoma passed chapter 65 of the Session Laws of Oklahoma 1910, under this title:

"An act to amend sections 1233, 1234, 1311, 1346, 1347, 1353, 1423, 1457, 1536 and 1309, and to repeal sections 1217 and 1230 of the statutes of Oklahoma, 1893, entitled 'Court Probate' and adding a new section, providing procedure for proving heirship."

There were 13 sections in the act, and sections 3 and 13 provided:

"Sec. 3. Section 1309 is hereby amended so as to read as follows: Sec. 1309. Every executor or administrator must, immediately after his appointment, give notice to the creditors of the deceased, requiring all persons having claims against said deceased to present the same, with the necessary vouchers, to such executor or administrator, at the place of his residence or business to be specified in the notice, within four months from the date of said notice; such notice must be posted up in three public places in the county, one of which shall be at the courthouse where the county court is held, and published in some newspaper printed in said county for two consecutive weeks. Such notice shall be substantially in the following form: All persons having claims against A. B., deceased, are required to present the same with the necessary vouchers, to the undersigned administrator at ——— within four months of the date hereof, or the same will be forever barred. Dated ———, 19—. A. B., Administrator."

Sec. 13. "That all acts or parts of acts in conflict with this act are hereby repealed."

The defendant made the first publication of the notice to the creditors of Soliss, deceased, on May 10, 1912, and in that notice required them to present their claims within four months after that date. The plaintiff did not present its claim to the executrix within four months of the date of the first publication of that notice as required by section 3 of chapter 65, but it did present it to her on September 28, 1912, within the six months prescribed for the presentation of claims against estates of the value of more than $5,000 by section 1310 of the statutes of 1893. The executrix contended that section 1310 was repealed by chapter 65, and that the plaintiff's claim was barred, but the court overruled her contention and rendered judgment against the estate, and that ruling is assigned as error.

[1] The argument in support of the repeal of section 1310 of the statutes of 1893 is that section 3 of chapter 65 relates to and embraces the entire subject of section 1310, is inconsistent therewith, and discloses an intention of the Legislature to repeal that section. But if section 3 and section 1310 be read and construed together, as they must be if that interpretation is possible, they merely provide that the notice to creditors of estates of the value of $5,000 or less shall require them to present their claims within four months from the date of the notice, and that the notice to creditors of estates of the value of more than $5,000 shall require them to present their claims within six months of the date of the notice. There is no more inconsistency in making these two provisions for the two classes of creditors in two

sections than there is in making them in one section, as they were originally made by section 1310.

Another contention of counsel for the executrix is that the Legislature of Oklahoma in 1910 indicated that it had intended to repeal section 1310 by section 3, by the fact that it adopted, by chapter 39 of the Session Laws of 1910–11, the Revised Laws of Oklahoma 1910, which omits section 1310 and contains section 3, 2 Revised Laws of Oklahoma 1910, p. 1738. But counsel concede that chapter 39 of the Session Laws of Oklahoma, 1910–11 did not affect the rights or remedies of the plaintiff in this case, and it is improbable that, in the consideration and adoption of the Revised Laws of 1910, the question whether or not section 3, c. 65, of the Session Laws of 1910, repealed section 1310 of the Statutes of Oklahoma 1893 ever entered the mind of any member of the Legislature.

[2] The primary rule for the interpretation of a statute or a contract, a rule to which all other rules are subsidiary, is to ascertain, if possible, and to enforce the intention which the legislative body that enacted the law, or the parties who made the agreement, have expressed therein. It is the intention expressed in the law or contract, and that only to which courts may lawfully give effect. They may not assume or presume intents or purposes not fairly indicated in the statute and then enact by judicial construction provisions to effect those intentions or purposes, and the legal presumption is that the legislative body expressed its intention in the statute, that it intended what it expressed, and that it intended nothing more. Stevens v. Nave-McCord Mercantile Co., 150 Fed. 71, 75, 80 C. C. A. 25, 29; United States v. Ninety-Nine Diamonds, 139 Fed. 961, 964, 72 C. C. A. 9, 12, 2 L. R. A. (N. S.) 185.

Chapter 65 of the Session Laws of 1910 expresses no intention to repeal section 1310. It expressly amends sections 1233, 1234, 1311, 1346, 1347, 1353, 1423, 1457, 1536, and 1309, and it expressly repeals sections 1217 and 1230, and it mentions no amendment, repeal, or modification of section 1310. Moreover, section 57, art. 5, of the Constitution of Oklahoma, provides, with exceptions not applicable to this case, that "every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title"; and the Legislature, in the title of the act which became chapter 65, expressed in its title the amendment of "sections 1233, 1234, 1311, 1346, 1347, 1353, 1423, 1457, 1536, and 1309," the repeal of "sections 1217 and 1230," and the addition of a "new section providing procedure for proving heirship," but it did not mention or refer to section 1310. The enumeration of certain members of a class is the exclusion of all others of that class not enumerated, and these provisions of chapter 65, and of its title, leave no doubt that the Legislature never intended to modify or repeal section 1310 thereby.

Returning now to section 13 of chapter 65, which provides that all acts or parts of acts in conflict with that act are thereby repealed, and conceding that section 3 of chapter 65, if standing alone and independent of the original statute, would cover the entire subject of section 1310, and admitting the soundness of the rule invoked by counsel that a later statute, which covers the entire subject of an earlier one,

is clearly inconsistent therewith, and discloses an intention to repeal it, has that effect, that rule is nevertheless inapplicable to this case. Chapter 65 does not make section 3 thereof a statute later than and independent of the original statute in which sections 1309 and 1310 are found. It merely inserts section 3 in place of section 1309 of the original statute and makes it a part of the latter, so that, subsequent to the amendment of section 1309 by chapter 65, section 3 of that chapter must be read as section 1309 of the original statute, in pari materia with section 1310 of the same statute. When the sections are thus read, their construction and effect are not doubtful. The amended section 1309 declares the general rule, the rule applicable in the great majority of the cases, the cases of estates of the value of $5,000 or less, while section 1310 discloses the rule in the special cases, in the cases of estates of a value in excess of $5,000. And even if section 3 of chapter 65 were an independent subsequent act, the true construction of that section and section 1310 would not be different because the intention of the Legislature not to repeal or modify section 1310 shines forth so clearly from the title and the provisions of chapter 65.

[3] Where two statutes cover in whole or in part the same subject, are not wholly irreconcilable, and no intent to repeal the earlier is clearly expressed or indicated by the later, they must stand together, effect must be given to each, and the earlier is not repealed by the later. Frost v. Wenie, 157 U. S. 46, 58, 15 Sup. Ct. 532, 39 L. Ed. 614; United States v. Healey, 160 U. S. 136, 147, 16 Sup. Ct. 247, 40 L. Ed. 369; Board of Commissioners v. Ætna Life Ins. Co., 90 Fed. 222, 227, 32 C. C. A. 585, 590; City Realty Co. v. Robinson Contracting Co. (C. C.) 183 Fed. 176, 181.

There was no error in the ruling of the court below that section 1310 of the Statutes of Oklahoma 1910 was not repealed by chapter 65 of the Session Laws of Oklahoma 1910; and, as this conclusion is necessarily decisive of this case, the discussion and decision of the other questions presented will be omitted, and the judgment below will be affirmed.

It is so ordered.