## KEMP LUMBER CO. v. HOWARD.

(Circuit Court of Appeals, Eighth Circuit. November 8, 1916.)

No. 168.

1. STATUTES ⬡158—REPEAL—REPEAL BY IMPLICATION.

Repeals by implication are not favored.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 228; Dec. Dig. ⬡158.]

2. STATUTES ⬡225—CONSTRUCTION—STATUTES IN PARI MATERIA.

All statutes in pari materia are to be read and considered together, as if they formed part of the same statute.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 302, 303; Dec. Dig. ⬡225.]

3. STATUTES ⬡159—CONSTRUCTION—REPEAL.

Where there are two acts upon the same subject, they must stand together, if possible, and in case of repugnancy the later operates as a repeal only in so far as its provisions are repugnant to the earlier one.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 229; Dec. Dig. ⬡159.]

4. MECHANICS' LIENS ⬡195—PRIORITY—STATUTES.

Comp. Laws N. M. 1897, § 2228, originally enacted by Sess. Laws 1880, c. 16, § 13, requires the court in cases of mechanics' liens, to declare in its judgment the rank of each lien or class of liens which shall be in the following order: First, all persons other than original contractors and subcontractors; second, subcontractors; third, original contractors—and declares that the proceeds must be applied to each lien or class of liens in the order of its rank. Section 2238, which was Act Jan. 2, 1852, § 8, declares that all liens shall take effect as to the different persons who may have liens from the time of filing the same for record; 'priority in time giving priority in right. *Held*, that the later statute did not repeal the earlier act in toto, and that as among lienholders of the same class priority in time would give priority in right.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 336; Dec. Dig. ⬡195.]

5. BANKRUPTCY ⬡192—LIENS—PRIORITY.

Mechanics' liens are not liens created by or obtained in or pursuant to any suit or proceeding at law or in equity, but are liens created by statute by the act of the lienholders pursuant to the statute without legal proceedings, and though obtained within four months of the institution of bankruptcy proceedings by or against the owner are not dissolved by Bankr. Act July 1, 1898, c. 541, 30 Stat. 564, §§ 67c–67f (Comp. St. 1913, § 9651), providing for dissolution of liens obtained by judicial proceedings within four months of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 294; Dec. Dig. ⬡192.]

Petition to Revise Order of the District Court of the United States for the District of New Mexico; Wm. H. Pope, Judge.

Petition by the Kemp Lumber Company, a corporation, against Thomas Howard to revise an order of the District Court in bankruptcy. Order vacated and set aside, with directions.

George S. Downer, of Albuquerque, N. M., for petitioner.

J. C. Gilbert, of Roswell, N. M., for respondent.

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

SANBORN, Circuit Judge. [1-4] By a petition to revise an order of the District Court in bankruptcy this case presents the question whether the proceeds of the sale of property of a bankrupt in New Mexico, subject to mechanic's liens of the same class recorded at different times, should be distributed to the lienors pro rata, or in the order of the filing of their respective claims for liens for record. The answer is found in the statutes of New Mexico as they stood in 1914, when the liens accrued and the claims for them were filed. The codification of the laws of New Mexico of 1915 provides that statutes in force prior to the time when that codification took effect remain in force thereafter for the preservation and enforcement of all rights existing when it took effect. Statutes N. M. 1915, p. 1665.

The codification of 1915 is therefore laid aside, and recourse is had to the Compiled Laws of New Mexico of 1897. The act of the territorial Legislature of New Mexico which authorized the compilation of 1897 in section 7 declares that:

"When the said laws have been printed and are ready for distribution, the Governor shall issue his proclamation announcing such fact, and thirty days after the date of such proclamation said compilation shall go into effect, and thereafter the laws so compiled shall be received by all the courts and officers of this territory, and shall in all respects be as valid and as binding as original enrolled acts approved and filed in the office of the secretary of the territory as now provided by law." Laws 1897, c. 43.

Title 24 of the Compiled Laws of New Mexico of 1897 treats of the subject of liens in a single chapter, in sections 2216–2248. Sections 2217 and 2218 provide that every person performing labor upon or furnishing materials to be used in the construction, alteration, or repair of any building, wharf, bridge, etc., has a lien thereon and upon the land upon which it stands for the labor or materials. Section 2221 provides that every person claiming the benefit of the act creating the lien shall, within a time specified, file for record with the county recorder a claim containing a statement of his demands. Section 2223 requires the recorder to make a record of such claims and an index thereof. Provision is made for suits to enforce the liens. The sections of the statute determinative of the issue are 2228 and 2238. The former requires the court in every case in which different liens are asserted against any property to declare in its judgment—

"the rank of each lien or class of liens, which shall be in the following order, viz.: First. All persons other than the original contractors and subcontractors. Second. The subcontractors. Third. The original contractors. And the proceeds of the sale of the property must be applied to each lien, or class of liens, in the order of its rank. * * *"

Section 2238 reads:

"All liens shall take effect as to the different persons who may have liens, from the time of filing the same for record, priority in time giving priority in right, should the property not be of sufficient value to pay all the liens created on it."

All the lienholders in the case at bar are in the same class, the class of original contractors, and it is indisputable that, unless some portion or all of section 2238 was for some other reason, not apparent from the Compiled Laws of 1897, not in force, these sections required the proceeds of the property subject to these liens of the same class to be distributed in the order of the filing of the respective claims therefor. The court below, however, was of the opinion, and counsel for the junior claimants contend, that section 2238, which was section 8 of the act of January 2, 1852, and has ever since been a part of the law of New Mexico upon the subject of mechanics' liens, was either repealed by section 2228, which was originally section 13 of chapter 16 of the Session Laws of 1880, or so far modified that all lienholders of the same class must share pro rata, and that between them priority in time no longer gives priority in right. The acts of 1852 and 1880, their relation to each other, the subsequent history of the various sections therein, the place of sections 2228 and 2238 in the revisions and compilations of the laws of New Mexico from the time of their respective enactment until these liens were filed, have received investigation, consideration, and deliberation. It would be helpful to no one to review the history of this legislation. Suffice it to say that our conclusion is that each of the two sections has been a part of the law of New Mexico upon the subject of mechanics' liens from the time of its respective enactment; that until the enactment of section 2228 in 1880 all mechanics' liens, as between the lienholders, took effect from the respective times of the filing of the claims therefor; that from the time of the enactment of section 2228 in 1880 all mechanics' liens in the same class, as between the lienholders of that class, took effect from the respective times of the filing of the claims therefor for record, and that between the members of each class priority of time gave priority of right; but that the priority of the classes created by section 2228, as between themselves, was fixed from 1880 to 1915 by section 2228.

No express repeal of section 2238 has been found among the laws of New Mexico, and repeals by implication are not favored. "All statutes in pari materia are to be read and considered together as if they formed part of the same statute." Potter's Dwarris on Statutes, 145. Thus read, these two sections provide that the three classes shall have the relation between themselves prescribed by section 2228, and that the lienholders in the same class shall have priority in the order of the filing of their respective claims for liens.

When there are two acts upon the same subject, they must stand together, if possible; if the two are repugnant in any of their provisions, the later act operates as a repeal of the earlier one, so far, and only so far, as its provisions are repugnant to those of the earlier act. In re Henderson's Tobacco, 11 Wall. 652, 657, 20 L. Ed. 235; Frost v. Wenie, 157 U. S. 46, 57, 58, 15 Sup. Ct. 532, 39 L. Ed. 614; Board of Com'rs v. Ætna Life Ins. Co., 32 C. C. A. 585, 590, 90 Fed. 222, 227; City Realty Co. v. Robinson Contracting Co. (C. C.) 183 Fed. 176, 181; Hemmer v. United States, 123 C. C. A. 194, 201, 204 Fed. 898, 905; Soliss v. General Electric Co., 129 C. C. A. 548, 552, 213 Fed. 204, 208. Section 2228 is repugnant to section 2238 only so far

as it fixes the priority of the three classes of claims it names between themselves. It is not repugnant to the rule established by section 2238 in so far as that rule gives to the members of the same class of lien-holders as between themselves priority in right according to their priority in time. The proceeds of the property subject to mechanics' liens of the same class must, therefore, be paid to the lienholders in the order of the filing for record of their respective claims. Between them priority in time gives priority in right.

[5] The suggestion that these liens were dissolved by the commencement of bankruptcy proceedings within four months after the claims were filed by reason of the provisions of sections 67c–67f of the Bankruptcy Act is baseless. Mechanics' liens are not liens created by or obtained in or pursuant to any suit or proceeding at law or in equity. Nor are they liens obtained through legal proceedings. They are liens created by statute, and by the act of the lienholders pursuant to the statute, without suits or legal proceedings, and the paragraphs of the bankruptcy law cited are inapplicable to them. In re Emslie, 42 C. C. A. 350, 102 Fed. 291, 292; In re Laird, 109 Fed. 550, 556, 48 C. C. A. 538, 544; In re Kerby Dennis Co., 95 Fed. 116, 36 C. C. A. 677; In re West Norfolk Lumber Co. (D. C.) 112 Fed. 759, 765; In re Mero (D. C.) 128 Fed. 630, 633; In re Lillington Lumber Co. (D. C.) 132 Fed. 886.

The referee, Mr. David W. Elliott, ruled that the liens under consideration in this case should be paid out of the proceeds of the property subject to them in the order of the filing for record of the claims for them; the court below reversed that ruling and ordered them paid pro rata.

The order of the District Court is vacated and set aside, with directions to cause the liens to be paid in the order of the filing for record of the claims for them.