STONEBERG et al. v. MORGAN, Warden of United States Penitentiary.

(Circuit Court of Appeals, Eighth Circuit.   October 15, 1917.)

No. 4925.

1. STATUTES ⊚⟞225½—CONSTRUCTION WITH REFERENCE TO OTHER STATUTES—GENERAL AND SPECIFIC STATUTES.

Where an earlier act prescribes the punishment for a specific class of offenses, or otherwise treats of a specific subject, that act is not affected by a subsequent general law which prescribes the punishment for many classes of offenses, including that class treated by the earlier special law, or treats of many subjects, including that treated by the earlier special law; but, unless a contrary intent is clearly expressed or undubitably inferable from the acts, they must stand and be read and construed together as a single act; the act regarding the specific class or subject as the law of that class or subject, and the later more comprehensive act as the general law of the classes or subjects not treated by the earlier act.

2. ALIENS ⊚⟞35—EXCLUSION OF CHINESE—BRINGING IN UNQUALIFIED CHINESE—PENALTY.

Chinese Exclusion Act May 6, 1882, c. 126, § 11, 22 Stat. 61, as amended by Act July 5, 1884, c. 220, 23 Stat. 117 (Comp. St. 1916, § 4298), provides that "any person who shall knowingly bring into or cause to be brought into the United States by land, or who shall aid or abet the same, * * * any Chinese person not lawfully entitled to enter the United States, shall be deemed guilty of a misdemeanor, and shall on conviction thereof be fined in a sum not exceeding $1,000, and imprisoned for a term not exceeding one year." Immigration Act Feb. 20, 1907, c. 1134, § 8, 34 Stat. 900 (Comp. St. 1916, § 4253), makes it a misdemeanor, punishable by a fine of not exceeding $1,000, or by imprisonment, to "bring into or land in the United States, * * * or * * * attempt * * * to bring into or land in the United States." Section 43 of such act (section 4289) provides that it "shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons." Held, that such act did not apply to the offenses of bringing in, or aiding or abetting the bringing in, of unqualified Chinese aliens, but that such offenses were governed by the Exclusion Act, and that the limit of punishment therefor was a fine of $1,000 and imprisonment for one year.

⊚⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. HABEAS CORPUS ⟨⟩28—GROUNDS OF REMEDY—PRISONER HELD UNDER EX-
CESSIVE SENTENCE.**

 The excess of a sentence beyond the jurisdiction of the court which im-
poses it, in a case in which it has ample jurisdiction of the subject-matter
of the case and of the parties, is void, and a prisoner held under such ex-
cess alone is entitled to his release by habeas corpus.

Appeal from the District Court of the United States for the Dis-
trict of Kansas; John C. Pollock, Judge.

Habeas corpus by Lorne Stoneberg and Edward Hack against
Thomas W. Morgan, Warden of the United States Penitentiary at
Leavenworth, Kan. Order dismissing petition, and petitioners ap-
peal. Reversed.

M. N. McNaughton, of Leavenworth, Kan. (Lee Bond, of Leaven-
worth, Kan., on the brief), for appellants.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan. (Fred Rob-
ertson, U. S. Atty., of Kansas City, Kan., on the brief), for appellee.

Before SANBORN and CARLAND, Circuit Judges, and BOOTH,
District Judge.

SANBORN, Circuit Judge. This is an appeal from an order of
dismissal of a petition for a writ of habeas corpus. The claim of the
petitioners is that they are serving a term of imprisonment for two
years in the penitentiary under a sentence thereto which the court had
no jurisdiction to impose upon them because there was no act of Con-
gress which empowered that court to inflict a sentence of imprison-
ment for more than one year for the offense with which they were
charged. The United States asserts the existence of the court's power
to impose the sentence of two years under section 8 of the Immigra-
tion Act which was approved February 20, 1907. 34 Stat. c. 1134,
p. 900 (Comp. St. 1916, § 4253).

By the Chinese Exclusion Act which was approved July 5, 1884
(23 Stat. c. 220, p. 117 [Comp. St. 1916, § 4298]), Congress enacted:

 "That any person who shall knowingly bring into or cause to be brought
into the United States by land, or who shall aid or abet the same, * * *
any Chinese person not lawfully entitled to enter the United States, shall be
deemed guilty of a misdemeanor, and shall on conviction thereof, be fined in
a sum not exceeding $1,000, and imprisoned for a term not exceeding one year."

By section 8 of the Immigration Act approved February 20, 1907,
Congress enacted:

 "That any person, * * * who shall bring into or land in the United
States, * * * or who shall attempt, * * * to bring into or land in
the United States, * * * any alien * * * not lawfully entitled to
enter the United States shall be deemed guilty of a misdemeanor, and shall,
on conviction, be punished by a fine not exceeding $1,000, or by imprison-
ment for a term not exceeding two years, or by both such fine and imprison-
ment for each and every alien so landed or brought in or attempted to be
landed or brought in."

It will be noticed that the limit of punishment denounced by the
Chinese Exclusion Act for bringing in a Chinese person is a fine of
$1,000 and imprisonment for one year, while the limit of the punish-

ment denounced by the Immigration Act for bringing in an alien is a fine of $1,000 and imprisonment for two years. The petitioners were indicted in two counts—in count 1 for bringing into the United States "one Mah Chong, alias Mah Gwon Wy, who was then and there an alien, * * * and who was not then and there lawfully entitled to enter the United States, said Mah Chong, alias Mah Gwon Wy, being then and there a Chinese person of Chinese descent, * * * and being then and there of the class of aliens excluded from the United States under the provisions of the Chinese Exclusion Act and of the Immigration Act of February 20, 1907," and in count 2 for attempting to bring the same Chinese laborer into the United States at the same time and place that the petitioners were charged in the first count with bringing him in. The petitioners were tried, convicted, each of them was sentenced to pay a fine of $1,000 and be imprisoned in the penitentiary for two years, they were committed to the penitentiary at Leavenworth, and have been serving their sentences ever since July 25, 1916.

The indictment charged the offense denounced by the Chinese Exclusion Act, for which the authorized punishment was imprisonment for one year, and also the offense under the Immigration Act, for which the authorized punishment, if that act applies to the bringing in of a Chinese laborer, was two years, and the court inflicted imprisonment for two years under the latter act. The Chinese Exclusion Act in the year 1884 created the offenses of bringing into the United States a specific class of aliens, Chinese persons not lawfully entitled to enter the United States, and of aiding and abetting such an act, and fixed the punishment for each offense at a fine of not exceeding $1,000 and imprisonment for not exceeding one year. The Immigration Act by its terms created the offense of bringing into the United States any alien not lawfully entitled to enter the United States, and of attempting so to do, and fixed the punishment for each offense at a fine not exceeding $1,000 and imprisonment for not exceeding two years, and then expressly provided "that this act shall not be construed to repeal, alter or amend existing laws relating to the immigration or exclusion of Chinese persons, or persons of Chinese descent." Section 43, 34 Stat. p. 911 (Comp. St. 1916, § 4289). There were, therefore, when the offenses of the petitioners were committed, two laws in force; one denouncing the bringing of a specific class of aliens, unqualified Chinese, into the United States, under a penalty of a possible imprisonment of one year, and one denouncing the bringing in of unqualified aliens of all classes, under a penalty of a possible imprisonment of two years. It certainly was not the intention of Congress, or the effect of these laws, to authorize the court to punish one who brought in a Chinese person by an imprisonment of three years—one year because the defendant brought in a Chinese person, and two years because he brought in the same Chinese person an alien.

[1] What, then, is the true construction and effect of two laws, the earlier of which treats of a specific class or subject, and the latter of which treats generally of many classes or subjects, including that treated in the earlier act, without repealing that act. The answer is: Where an earlier act prescribes the punishment for a specific

class of offenses, or otherwise treats of a specific subject, that act is not affected by a subsequent general law which prescribes the punishment for many classes of offenses, including that class treated by the earlier special law, or treats of many subjects including that treated by the earlier special law; but, unless a contrary intent is clearly expressed or indubitably inferable from the acts, they must stand and be read and construed together as a single act, the act regarding the specific class or subject as the law of that class or subject, and the later more comprehensive act as the general law of the classes or subjects not treated by the earlier act. Cook County National Bank v. United States, 107 U. S. 445, 450, 451, 2 Sup. Ct. 561, 27 L. Ed. 537; Frost v. Wenie, 157 U. S. 46, 48, 15 Sup. Ct. 532, 39 L. Ed. 614; State v. Stoll, 17 Wall. 425, 430, 431, 436, 21 L. Ed. 650; Board of Commissioners v. Ætna Life Insurance Co., 90 Fed. 222, 227, 32 C. C. A. 585, 590; Christie-Street Commission Co. v. United States, 136 Fed. 326, 333, 69 C. C. A. 464, 471; United States v. Ninety-Nine Diamonds, 139 Fed. 961, 965, 72 C. C. A. 9, 13, 2 L. R. A. (N. S.) 185; City Realty Co. v. S. R. H. Robinson Contracting Co. (C. C.) 183 Fed. 176, 181; Hemmer v. United States, 204 Fed. 898, 906, 908, 123 C. C. A. 194, 202, 204; Priddy v. Thompson, 204 Fed. 955, 959, 123 C. C. A. 277, 281; Sweet v. United States, 228 Fed. 421, 426, 143 C. C. A. 3, 8; Soliss v. General Electric Co., 213 Fed. 204, 208, 129 C. C. A. 548, 552; King v. Pomeroy, 121 Fed. 287, 294, 58 C. C. A. 209, 216; United States v. Healey, 160 U. S. 136, 147, 16 Sup. Ct. 247, 40 L. Ed. 369; United States v. Greathouse, 166 U. S. 601, 17 Sup. Ct. 701, 41 L. Ed. 1130; Townsend v. Little, 109 U. S. 504, 512, 3 Sup. Ct. 357, 27 L. Ed. 1012; Petri v. Creelman Lumber Co., 199 U. S. 487, 496, 499, 26 Sup. Ct. 133, 50 L. Ed. 281; Ex parte United States, 226 U. S. 420, 424, 33 Sup. Ct. 170, 57 L. Ed. 281.

In Frost v. Wenie, 157 U. S. 46, 58, 15 Sup. Ct. 532, 536 (39 L. Ed. 614) Congress by the act of May 28, 1880 (21 Stat. 145, c. 108), offered the lands north of the Atchison Railroad in the abandoned Ft. Dodge military reservation to actual settlers having the qualifications of pre-emptor. The subsequent act of December 15, 1880 (21 Stat. 311, c. 1), by its terms offered all the lands in that reservation to actual settlers having the qualifications of homesteaders. The Supreme Court held that the later act had no application to the lands treated by the earlier act. It said:

"It is to be observed that, although the words of the act of December 15, 1880, are broad enough, if literally interpreted, to embrace all the lands within the abandoned Ft. Dodge military reservation north of the Atchison Railroad, there are no words in it of express repeal of any former statute. It is well settled that repeals by implication are not to be favored, and where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both."

In Christie-Street Commission Co. v. United States, 136 Fed. 326, 328, 69 C. C. A. 464, the time within which actions on claims for the repayment by the United States of internal taxes illegally collected which had been presented to and had not been allowed by the Com-

missioner of Internal Revenue, was limited to two years by Act June 6, 1872, c. 315, § 44, 17 Stat. 257 (Revised Stat. § 3227; 2 U. S. Comp. Stat. 1901, page 2089 [Comp. St. 1916, § 5950]). By section 1 of Act March 3, 1887, c. 359, 24 Stat. 505 (1 U. S. Comp. Stat. 1901, pp. 752, 753), the time within which actions might be brought on all claims against the United States founded upon the Constitution of the United States, or any law of Congress, except for pensions, or upon any regulation of an executive department, or upon any contract with the United States, or for damages for tort, was limited to six years. The Commission Company insisted that the later general law applicable to many classes of claims, including by its terms those treated in the earlier act of 1872, repealed or so modified that act that the time within which actions on claims specified therein might be brought within six years, and were not limited to two years after their accrual. But this court overruled that contention and said:

"Specific legislation upon a particular subject is not affected by a general law upon the same subject, unless it clearly appears that the provisions of the two laws are so repugnant that the legislators must have intended by the later to modify or repeal the earlier act. The special act and the general law must stand together, the one as the law of the particular subject, and the other as the general law of the land. Gowen v. Harley, 56 Fed. 973, 978, 979, 6 C. C. A. 190, 196; State v. Stoll, 17 Wall. 425, 436, 21 L. Ed. 650; Board of Commissioners of Seward County v. Ætna Life Ins. Co., 32 C. C. A. 585, 590, 90 Fed. 222, 227; The Distilled Spirits, 11 Wall. 356, 365, 20 L. Ed. 167. * * * 'All statutes in pari materia are to be read and construed together, as if they formed part of the same statute, and were enacted at the same time.' Potter, Dwar. St. 145."

[2] In the case at bar the two acts under consideration are not irreconcilable. The Chinese Exclusion Act may cover and govern the offenses of bringing and aiding or attempting to bring into the United States unqualified Chinese aliens, and the Immigration Act may cover and govern the offenses of bringing and aiding or attempting to bring other unqualified aliens into the United States, and thus both may stand together and each may have effect. No repeal of section 11 of the Chinese Exclusion Act may be implied in this case because (1) the two acts may thus stand together and each may have its legitimate effect, and (2) because section 43 of the Immigration Act expressly provides that that act shall not have the effect to repeal any of the provisions of the Chinese Exclusion Act. The unavoidable conclusion is that the offenses of bringing in, or aiding, abetting, or attempting to bring unqualified Chinese aliens into the United States, are governed by and punishable under the Chinese Exclusion Act only, the Immigration Act is inapplicable thereto, the District Court that sentenced the petitioners was without lawful power or authority to impose upon them a sentence of imprisonment for a longer term than the single year prescribed by the Chinese Exclusion Act, and as they have served that year they are entitled to their discharge upon payment of their fines, or relief from imprisonment on account of such fines, pursuant to sections 1042 and 5296, Revised Statutes (3 U. S. Comp. Stat. 1916, § 1706; 10 U. S. Comp. Stat. 1916, § 10138).

[3] The excess of a sentence beyond the jurisdiction of the court which renders it, in a case in which it has ample jurisdiction of the subject-matter of the case and of the parties, is as void as a judgment in a case in which the court has no jurisdiction, and a prisoner held under such excess alone is entitled to his release by writ of habeas corpus. Ex parte Lange, 18 Wall. 163, 176, 178, 21 L. Ed. 872; Munson v. McClaughry, 198 Fed. 72, 77, 117 C. C. A. 180, 185, 42 L. R. A. (N. S.) 302, and the cases there cited; O'Brien v. Mc-Claughry, 209 Fed. 816, 820, 126 C. C. A. 540, 547.

The order which dismissed the petition for a writ of habeas corpus herein must therefore be reversed, and this case must be remanded to the court below for further proceedings not inconsistent with the views expressed in this opinion.

It is so ordered.