EGGLESTON v. BIRMINGHAM PURCHASING CO.

In re CHAMBERS.

(Circuit Court of Appeals, Fifth Circuit. October 28, 1926.)

No. 4812.

1. Bankruptcy ⬚188(1).

Trustee's status under Bankruptcy Act, § 47a, as amended (Comp. St. § 9631), does not create rights superior to one holding lien on bankrupt's property otherwise than by legal or equitable proceedings.

2. Bankruptcy ⬚194.

Trustee under Bankruptcy Act, § 70a (Comp. St. § 9654), does not take bankrupt's property freed of existing valid liens enforceable against bankrupt and his creditors holding judicial liens at time bankruptcy proceedings were instituted.

3. Bankruptcy ⬚192.

Lien under Code Ala. 1923, § 8832 et seq., filed within time prescribed by statute, does not come within Bankruptcy Act, § 67c (Comp. St. § 9651), dissolving liens acquired by judicial proceedings within four months before bankruptcy.

4. Bankruptcy ⬚192—Statutory lien is not defeated because not filed till after petition in bankruptcy (Code Ala. 1923, § 8832 et seq.; Bankruptcy Act, § 57n [Comp. St. § 9641]).

That lien under Code Ala. 1923, § 8832 et seq., was not filed until after petition in bankruptcy was filed does not affect lien, where requirements of statute were complied with,

particularly where creditor, on learning of bankruptcy proceeding, submitted claim in accordance with Bankruptcy Act, § 57n (Comp. St. § 9641).

Petition to Superintend and Revise Order of the District Court of the United States for the Southern Division of the Northern District of Alabama; William I. Grubb, Judge.

In the matter of the bankruptcy of R. M. Chambers. From an order sustaining a claim by the Birmingham Purchasing Company to a lien on property of the bankrupt, R. H. Eggleston, as trustee, petitions to superintend and revise. Petition denied.

F. W. Davies, of Birmingham, Ala., for petitioner.

Arthur L. Brown, of Birmingham, Ala., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. By petition to superintend and revise, the trustee in bankruptcy of the estate of R. M. Chambers complains of the action of the court in sustaining the claim that the respondent was entitled, as against the trustee, to a lien on a described lot of ground for the amount of the balance due the respondent for labor upon, and material furnished for, buildings on said lot under a contract with its owner, the bankrupt. The lien was claimed under the Alabama statute providing for liens in favor of mechanics and materialmen. Code of Alabama 1923, § 8832 et seq. That statute (Id. §§ 8836, 8855) provides for an original contractor claiming such lien filing, within six months after the debt accrued, a prescribed verified statement in the office of the judge of probate of the county in which is situated the property upon which the lien is sought to be established, for his, within that time, bringing suit to enforce the lien, and that, unless such statement is so filed, and suit is so brought, the lien shall be lost. The record shows the following: On March 28, 1925, respondent completed the plumbing in buildings on said lot under a contract therefor with the bankrupt. The bankruptcy was adjudged on September 8, 1925, under an involuntary petition filed August 14, 1925. After the last-mentioned date, but within six months after the debt for the plumbing accrued, respondent filed the prescribed statement in the designated office, and brought suit in an Alabama state court to enforce the claim to a lien for the unpaid balance due; the bankrupt being the only defendant in that suit. Respondent was not scheduled as

a creditor by the bankrupt, and had no knowledge of the bankruptcy proceeding until it was served with a copy of an order made in that proceeding on April 2, 1926, requiring it to show cause why its said claim to a lien should not be canceled. In response to that order respondent asserted its claim in the bankruptcy proceedings, and prayed that its claim and lien be established and enforced by the court below.

[1, 2] In behalf of the petitioner, it was contended that the lien did not attach, because the respondent did not file the required statement or bring suit until after the institution of the bankruptcy proceeding. Provisions of the Bankruptcy Act (Comp. St. §§ 9585–9656) determine the status of the trustee with reference to property of the bankrupt. Amended section 47a of that act (Comp. St. § 9631) provides that "trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon." Section 70a of that act (Comp. St. § 9654) provides that the trustee, upon his appointment and qualification, "shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." Under amended section 47a the trustee takes the status of a creditor having a lien by legal or equitable proceedings as of the time when the petition in bankruptcy is filed, and that provision does not affect a right which is superior to that of one who, at or prior to that time, held a lien thereon by legal or equitable proceedings. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. Under section 70a the trustee does not take the bankrupt's property freed of existing valid liens which, when the bankruptcy proceeding was instituted, were enforceable against the bankrupt and his creditors holding judicial liens. Knapp v. Milwaukee Trust Co., 216 U. S. 545, 30 S. Ct. 412, 54 L. Ed. 610; Pugh v. Loisel, 219 F. 417, 135 C. C. A. 221; Collier on Bankruptcy (13th Ed.) p. 1643.

[3] Alabama decisions are controlling on the question of the nature of the right possessed under the above-cited Alabama statute by a contractor after the debt to him has accrued, but before he has complied with the provi-

sions as to filing a statement and bringing suit; the time for doing so not having expired. The liens provided for are not liens created by legal or equitable proceedings, but are created by the statute and the acts of the lienholders in compliance with requirements of the statute. Sorsby v Woodlawn Lumber Co., 202 Ala. 566, 81 So. 68; Kemp Lumber Co. v. Howard, 237 F. 574, 150 C. C. A. 456. It follows that such liens as the one now in question are not within the influence of the provision of the Bankruptcy Act, § 67c (Comp. St. § 9651), which dissolves liens acquired by judicial proceedings brought within four months before the filing of the petition in bankruptcy. Alabama decisions are to the effect that such a lien as the one now in question attaches from the commencement of the building or improvement, subject, however, to be defeated and lost by a failure to comply with the requirements as to filing a statement of the claim and bringing suit to enforce it. Welch v. Porter, 63 Ala. 225; Lavergne v. Evans Bros. Construction Co., 166 Ala. 289, 52 So. 318; Young & Co. v. Stoutz & Co., 74 Ala. 574. In the last-cited case it was decided that the lien of an attachment which was levied on property, after material and labor had been put on that property, but before the filing of the statement provided for in the above-cited statute, and before the expiration of the time for such filing, was subordinate to the lien of the furnisher of the labor and material. The following is an extract from the opinion in that case:

"There can be no question, that a mechanic's lien for materials and labor put on stationary machinery, such as is shown in this case, if presented and filed in time, followed up by suit and recovery in time, is superior to that of an attaching creditor, whose attachment is levied subsequent to the accrual of the mechanic's lien; and the lien of the latter accrues from the date the materials are furnished, or the labor done, or commenced. * * * This primary or inchoate lien, however, loses all force and vitality, unless it is followed up by a proper filing for record under section 3444 of the Code, and suit brought within ninety days after such filing, and prosecuted without unnecessary delay to final judgment. * * * If, on the other hand, these steps be taken as

prescribed, then the lien attaches from the time the materials were furnished, or work commenced."

[4] No Alabama decision of which we have been advised is in conflict with the last-cited one, or contains an intimation that, between the time of the accrual of the debt to a contractor for labor or material furnished and the expiration of the time allowed for filing the prescribed statement and bringing suit to enforce his lien, his right to that lien could be defeated by the enforcement of another lien created within that time by legal or equitable proceedings, or by any transfer made within that time by the debtor of the property to which that lien was subject. We are of opinion that the rights and powers acquired by the petitioner in and upon the lot upon which the lien was adjudged were subordinate to the inchoate lien, which, under the Alabama law, existed in favor of the respondent when the petition in bankruptcy was filed. The respondent complied with the requirements of the Alabama statute for perfecting and preserving that lien. The fact that that compliance occurred after the property sought to be subjected to the lien claimed by the respondent was in the custody of the bankruptcy court as a result of the bankruptcy of the owner did not require the court to ignore the acts of compliance, which were done in ignorance of the institution and pendency of the bankruptcy proceeding, especially as the respondent, promptly after being informed of the pendency of the bankruptcy proceeding, appeared therein, and submitted his claim to the bankruptcy court. Jones v. Springer, 226 U. S. 148, 33 S. Ct. 64, 57 L. Ed. 161. As the respondent complied with the requirements of the Alabama statute, the facts of the case do not call for a decision of the question whether, without a literal compliance with all those requirements, the inchoate lien held by the respondent at the time of the institution of the bankruptcy proceeding could have been perfected and preserved by action taken in the bankruptcy proceeding, in which the claim of the respondent was asserted in time for it to be enforced by the court having the custody of the property which was the subject of the lien claimed. Bankruptcy Act, § 57n (Comp. St. § 9641).

The petition is denied.