**GARRISON et al. v. JOHNSON et al.**

**No. 778.**

Circuit Court of Appeals, Tenth Circuit.

July 3, 1933.

Fred Hinkle, of Wichita, Kan., for appellant.

W. H. Carpenter, of Marion, Kan., for appellees.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This is an appeal from an order of a referee in bankruptcy allowing the claim of a receiver of a state bank in Kansas as preferred and giving it priority over the claims of general creditors of the bankrupt. On certification the bankruptcy court approved the order.

The referee held that under the facts that part of section 64b (5) of the Bankruptcy Act, 11 USCA § 104(b)(5) applied, and that the claim of the receiver was not nullified by section 67f of the act, 11 USCA § 107(f). In support of this holding the able referee wrote a strong opinion.

The facts disclosed by the record are these: On an involuntary petition filed December 31, 1931, Henry J. Tiemeier was adjudicated a bankrupt on January 21, 1932. He was at that time and had been for several years theretofore the owner of 45 shares of stock of the Lincolnville State Bank. They had a par value of $4,500. The bank commissioner for the state of Kansas closed the doors of the bank on November 12, 1931, because he found it was then insolvent and on that day he appointed one Johnson as its receiver pursuant to the provisions of the state statute. It will be observed that this was done 49 days prior to the filing of the petition in bankruptcy against Tiemeier. The receiver through his deputy filed his claim with the referee on February 15, 1932. It was stated in the claim that Tiemeier was indebted to the bank in the sum of $4,500 because of his ownership as a stockholder of 45 shares in the bank; that the debt so owing to the bank was a first and prior claim upon all the property and assets of Tiemeier by virtue of the laws of Kansas; that the bank was closed on November 12, 1931; and that Johnson as its receiver took charge on that day; and that there were no offsets or counterclaims to Tiemeier's liability. An additional affidavit filed with the referee stated that the assets of the bank were insufficient to pay its creditors, and that it was necessary to collect the amount of the double liability from all of its stockholders.

On November 18, 1931, the receiver filed with the register of deeds of the county in which the bank did business a notice that the assets of the bank were insufficient to pay its liabilities, and that he claimed a separate lien on all of the property of each of the stockholders to the amount of his or her individual liability as set forth in a list of said stockholders to the total amount of $20,000, and that said liens were superior, prior, and preferred to all other liens that might attach. The state statutes material here are as follows:

Rev. Stat. Kansas 1923, 9—110: "The shareholders of every bank organized under this act shall be additionally liable for a sum equal to the par value of stock owned, and no more."

1931 Supp. to the Rev. Stat. Kansas 1923, 9—156: "At any time after the closing of any incorporated bank if it shall appear to the receiver thereof that the assets of such bank are insufficient to pay its liabilities, it shall be the duty of such receiver to immediately institute proper proceedings, in the name of the bank, for the collection of the liability of the stockholders of such bank; all sums so collected to become a part of the assets of such bank and to be distributed pro rata to the creditors thereof in the same manner as other funds: Provided, That all transfers of property by a stockholder after the closing of any such bank and before the payment of the double liability as provided by this act, shall be absolutely void as against said double liability. Said double liability shall be a lien on the property of the stockholders superior and prior, and which shall be preferred, to all liens or encumbrances which may attach to or upon the stockholders' property subsequent to the closing of the bank: Provided, That title to any real estate, which shall have passed to a purchaser in good faith, or any lien or encumbrance acquired in good faith for a valuable consideration, shall not be affected by said double liability lien unless said purchaser shall have actual notice thereof, or unless notice of said lien shall have been filed in the office of the register of deeds of the county where said real estate is located. No action by any creditor against any stockholder of such bank for the recovery of such liability shall be maintained unless it shall appear to the satisfaction of the court that the receiver has failed to commence action as herein provided."

We now turn to the two sections of the Bankruptcy Act on which the receiver relies. Section 64 of said act (11 USCA § 104) deals with debts that have priority. In subdivision (b) of section 64 we find this: "The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be * * * (5) debts owing to any person who by the laws of the States or the United States is entitled to priority."

Bearing in mind the clause, "except as herein provided," supra in subdivision (b) of section 64, we turn now to section 67f, which section deals with liens. It reads: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate. * * * *"

The referee based his conclusion upon the construction he gave to "legal proceedings" found in section 67f, confining those words to liens obtained or created by an action at law or a suit in equity. We are of the opinion in this he was correct.

It is thus seen the instant case squarely presents the question whether the lien created by the law-making power of this state upon the double liability of shareholders in incorporated banks such as in this case, although created within four months preceding the intervention of bankruptcy proceedings, is a lien created by "legal proceedings" as that term is employed in section 67f of the Bankruptcy Act, or is a mere statutory lien not affected by that provision of the act. That the state statute was amended for the express purpose of creating a lien in such case is not only within its express terms but was made for the express purpose of curing a defect found in the act. As the Supreme Court of the state in Alter v. Johnson, 127 Kan. 443, 273 P. 474, held, the state statute as it stood before the amendment made did not constitute in favor of a receiver of an insolvent bank a lien on the double liability of shareholders in incorporated banks of the state. Even under the statute as it stood before the amendment made the Court of Appeals for the Eighth Circuit held the double liability claim against shareholders in incorporated banks were entitled to priority over simple contract creditors. Wheeler v. Johnson (C. C. A.) 26 F.(2d) 455. The claim of the receiver in that case, however, arose more than four months prior to bankruptcy proceedings.

We are of the opinion the lien created in this case is a purely statutory lien, was not created through legal proceedings, and was not avoided by the terms of the Bankruptcy Act although the lien here created and sought to be enforced was created within four months next preceding the institution of proceedings in bankruptcy, and although such lien is now being enforced in this case, which is a legal proceeding, and this for the all-sufficient reason it is the manner in which the lien is created that is material to the validity of the lien and the decision of this controversy.

It has been uniformly held that liens created by statute for the protection of landlords, mechanics, and others, are not liens obtained through legal proceedings which are voided by section 67f. See Henderson v. Mayer, 225 U. S. 631, 32 S. Ct. 699, 56 L. Ed. 1233; Globe Bank v. Martin, 236 U. S. 288, 391, 35 S. Ct. 377, 59 L. Ed. 583; Norris v. Trenholm (C. C. A.) 209 F. 827; Courtney v. Fidelity Trust Co. (C. C. A.) 219 F. 57; In re West Side Paper Co. (C. C. A.) 162 F. 110, 15 Ann. Cas. 384; Martin v. Orgain (C. C. A.) 174 F. 772, certiorari denied 216 U. S. 619, 30 S. Ct. 574, 54 L. Ed. 640; In re San Joaquin Valley Packing Co. (C. C. A.) 295 F. 311, certiorari denied 265 U. S. 583, 44 S. Ct. 459, 68 L. Ed. 1191; In re Georgia Handle Co. (C. C. A.) 109 F. 632; Kemp Lumber Co. v. Howard (C. C. A.) 237 F. 574; In re Emslie (C. C. A.) 102 F. 291; In re Laird (C. C. A.) 109 F. 550; In re Caswell Const. Co. (D. C.) 13 F.(2d) 667; Britton v. Western Iowa Co. (C. C. A.) 9 F.(2d) 488, 45 A. L. R. 711; Eggleston v. Birmingham Purchasing Co. (C. C. A.) 15 F.(2d) 529; New York-Brooklyn Fuel Corp. v. Fuller (C. C. A.) 11 F.(2d) 802; Remington on Bankruptcy, §§ 1429-1435.

It follows, the decision of the referee and the lower court must be affirmed.