## In re J. H. SMALL SHOE CO.

(Circuit Court of Appeals, Second Circuit. February 2, 1925.)

No. 180.

1. **Courts ⬥266—Process of District Court does not run beyond its borders.**

Process of District Court does not run beyond its borders.

2. **Bankruptcy ⬥11—Court has ancillary jurisdiction to enforce orders of another bankruptcy court.**

Independently of Bankruptcy Act, § 2, subd. 20, as amended February 5, 1903 (Comp. St. § 9586), any bankruptcy court has ancillary jurisdiction to enforce orders of another bankruptcy court on application made to it.

3. **Bankruptcy ⬥11 — Order of bankruptcy court held conclusive in ancillary proceedings in another district.**

Order of bankruptcy court directing bankrupt to deliver concealed assets to trustee is conclusive against bankrupt in ancillary proceedings in another district to enforce such order.

Petition for Revision of Proceedings of the District Court of the United States for the District of Connecticut; Harland B. Howe, Judge.

In the matter of J. H. Small Shoe Company, bankrupt. On petition of Joseph H. Small to revise an order of the District Court (4 F.[2d] 618), directing him to turn over bankrupt's assets to trustee. Petition to revise dismissed and order affirmed.

See, also, 1 F.(2d) 416.

Slade, Slade & Slade, of New York City (Benjamin Slade, of New York City, of counsel), for petitioner.

Lesser Bros., of New York City (William Lesser and Samuel L. Miller, both of New York City, of counsel), for respondent.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HAND, Circuit Judge. The petitioner, Joseph H. Small, was the president of the bankrupt, which was adjudicated in the Southern District of New York in 1921. The trustee made application to the court to compel Small to turn over certain funds of the bankrupt alleged to have been concealed by him from her after her appointment. The matter was referred to the referee as special commissioner, who reported that Small had concealed $20,000. On February 19, 1924, the District Court for the Southern District of New York on her motion passed an order directing Small to deliver $10,000 so concealed by him within ten days after the entry of the order. It proved impossible to catch Small in New York, and thereupon, on the 19th of April, 1924, the District Court in Connecticut issued a rule nisi requiring Small to show cause why the order of the District Court for the Southern District of New York should not be made the order of the District Court of Connecticut. Small appeared in the proceeding and the Connecticut court found in accordance with the order of the Southern District of New York that he had in his possession $10,000 of the bankrupt's assets to which the trustee was entitled, which he was directed to turn over to her. Thereupon he filed his petition to revise that order, and so the case comes to us.

[1, 2] We of course recognize that the process of a District Court does not run beyond its borders (Staunton v. Wooden, 179 F. 61, 102 C. C. A. 355), but independently

of the amendment of 1903 to subdivision 20, § 2, of the Bankruptcy Act (Comp. St. § 9586), any court of bankruptcy has ancillary jurisdiction to enforce the orders of another upon application made to it (Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969).

[3] The question at bar is whether the order of the Southern District of New York is conclusive against the respondent therein in such ancillary proceedings, the petitioner maintaining that the ancillary jurisdiction of the Connecticut court extended only to the entertainment of the proceedings de novo. Granting, he says, that the Connecticut court had the right to entertain the proceedings, he was entitled to a new hearing, in which the proceedings in New York were not conclusive upon him.

The petitioner cites no authority in support of his contention, and it amounts to no less than an assertion that the order of the bankruptcy court is not res judicata. It has been held to have that effect in the case of the allowance or disallowance by a referee in bankruptcy of a claim. Ullman, Stern & Krausse v. Coppard, 246 F. 124, 158 C. C. A. 350 (C. C. A. 5); Breit v. Moore, 220 F. 97, 135 C. C. A. 573 (C. C. A. 9); Hargadine-McKittrick D. G. Co. v. Hudson, 122 F. 232, 58 C. C. A. 596 (C. C. A. 9); Clendening v. Red River Valley Nat. Bank, 12 N. D. 51, 94 N. W. 901. Our own decision in Re Osborn's Sons, 177 F. 184, 100 C. C. A. 392, 29 L. R. A. (N. S.) 887, extended the rule to claims filed and allowed in bankruptcy. It is quite true that none of these cases concern proceedings of the character here in question, but no one disputes that the New York court of bankruptcy had equal jurisdiction over them as a referee has over the allowance or disallowance of a claim, and we do not hesitate to decide that the two situations are precisely the same.

We treat this case as it is presented, without in any way indicating our opinion that it was necessary for the trustee to proceed by independent petition at all. Perhaps she might have applied directly to the Connecticut bankruptcy court for an order of commitment against Small for his contempt of the order of the New York bankruptcy court. On the contrary, she pursued the milder course of treating the order of the New York court as a decree inter partes, which it certainly was. Her petition invited as issues only the existence of the New York decree and its jurisdictional regularity. These Small might have disputed, but he did not. At least, this was the safer course even if it

was not necessary. It was unquestionably sufficient.

Petition to revise dismissed. Order affirmed.