## In re DUTKIEWICZ.

District Court, W. D. New York. June 27, 1928.

1. Bankruptcy ⟠⟶424—Complaint alleging defendant "wantonly" drove automobile against plaintiff charged "willful and malicious injury," and liability was not discharged in bankruptcy; "willful negligence" (Bankr. Law, § 17 [11 USCA § 35]).

Complaint, alleging that defendant negligently, carelessly, and wantonly drove an automobile head on against plaintiff *held* to charge a "willful and malicious injury," within Bankruptcy Law, § 17 (11 USCA § 35), exempting from discharge liabilities for willful and malicious injuries to person or property of another; "willful negligence" meaning that degree of negligence where there is reckless indifference to safety of human life, or intentional failure to perform manifest duty to public, in which public and party injured has an interest, and the word "wanton" meaning reckless, heedless, and malicious.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wantonly; Willful Negligence; Second Series, Willful and Malicious Injury.]

2. Bankruptcy ⟠⟶424—Liability for "willful and malicious injury," not exempted from discharge, consists of wrongful act, intentionally done, without just excuse (Bankr. Law, § 17 [11 USCA § 35]).

It is sufficient, to constitute a willful and malicious injury to person or property, within Bankruptcy Law, § 17 (11 USCA § 35), exempting from discharge liabilities for willful and malicious injuries to the person or property of another, that the wrongful act is intentionally done without just cause or excuse.

3. Bankruptcy ⟠⟶424—Judgment against bankrupt for wantonly driving automobile against plaintiff held not dischargeable in bankruptcy Bankr. Law, § 17 [11 USCA § 35]).

Judgment against bankrupt, under complaint alleging defendant negligently, carelessly, and wantonly drove an automobile against plaintiff, and evidence showing that bankrupt was operating his car with that degree of negligence where there is a reckless indifference to safety of human life, *held* not dischargeable under Bankruptcy Law, § 17 (11 USCA § 35), exempting from discharge liabilities of bankrupt for willful and malicious injury to person or property of another.

In Bankruptcy. In the matter of Frank Dutkiewicz, bankrupt, to determine whether a judgment obtained by Walter Edwards against the bankrupt is dischargeable in bankruptcy. Decree in accordance with opinion.

Henry P. Nevins, of Olean, N. Y., for creditor.

John H. Ryan, of Olean, N. Y., for bankrupt.

ADLER, District Judge. The question to be determined is whether a judgment obtained by Walter Edwards against the bankrupt is dischargeable in bankruptcy. The record discloses the following facts:

The complaint alleges "that the defendant negligently, carelessly, and wantonly drove a Paige automobile head on against this plaintiff." No answer was served, and the case was brought on for trial in the Supreme Court of Cattaraugus County. There was no appearance for the defendant. The only evidence of how the accident occurred was given by the plaintiff, who testified that he was riding his bicycle along the right-hand side of the street, and that, while he was doing so, the defendant, driving his automobile in the opposite direction, swung across to his side of the street and ran into him. The judge in his charge recited the facts as just stated, and then said: "Now, that being so, the negligence of the defendant and the freedom of the plaintiff from contributory negligence is made out, and that is the only evidence you have bearing upon those questions; so that it would be established by that evidence that the plaintiff is entitled to recover from the defendant the damages which he suffered by reason of such negligence on the part of the defendant."

[1] The allegation of the complaint that the defendant wantonly drove his automobile head on against the plaintiff and thus caused his injury may charge willful and malicious injury within the meaning of section 17 of the Bankruptcy Law (11 USCA § 35). It is not necessary to charge in the language of the statute. Peters v. U. S. (C. C. A.) 177 F. 885. Willful negligence has come to have a settled signification in the law, and has been defined as that degree of neglect arising where there is a reckless indifference to the safety of human life, or an intentional failure to perform a manifest duty to the public, in the performance of which the public and the party injured has an interest. 40 Cyc. 947, and cases cited. The word "wanton" is defined in Webster's New International Dictionary as reckless, heedless, malicious, and its use in the complaint in the action, in my opinion, charges willful and malicious injury. [2, 3] The remainder of the record, the testimony upon the trial, and the charge of the judge disclose that the bankrupt, driving his car on the wrong side of the road and running head on into the plaintiff on his bicycle, was operating his car with that degree of neglect where there is a reckless indifference to the safety of human life. Special malice is not required. It is sufficient to constitute a willful and malicious injury to person or property that the wrongful act is intentionally done without just cause or excuse. Peters v. U. S., supra. In this case, there being no answer filed and no appearance on the part of the bankrupt at the trial, there is no just cause or excuse shown for the running down of the plaintiff described in the complaint as wanton. Wanton and reckless conduct—that is, acts done with an utter disregard of the rights and safety of another or his property—may constitute willful and malicious injury to the person or property of another. In re Cunningham (D. C.) 253 F. 663.

I am of the opinion that the judgment in question comes within the second exception in section 17 of the Bankruptcy Act, and is therefore not dischargeable in bankruptcy.