**FIDELITY–PHILADELPHIA TRUST CO v. WEAVER et al.**

**In re PENNSYLVANIA CENTRAL BREWING CO.**

No. 6414.

Circuit Court of Appeals, Third Circuit.

March 18, 1938.

On Further Rehearing May 31, 1938.

---

[1] The policy excluded coverage "when" the motor vehicle is being used in the "carrying of passengers for a consideration."

For former opinion, see 93 F.2d 1012.

Roland C. Heisler and Drinker, Biddle & Reath, all of Philadelphia, Pa., and Walter L. Hill and O'Malley, Hill, Harris & Harris, all of Scranton, Pa., for appellant.

Jerome P. Casey, of Scranton, Pa., John H. Bigelow, of Hazelton, Pa., and Lee P. Stark, J. Julius Levy, Edward J. Kelly, and Kelly, Fitzgerald & Kelly, all of Scranton, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the bankruptcy case of the Pennsylvania Central Brewing Company (hereafter called Central), it appears that on October 25, 1897, that company had given a mortgage on all its property then owned or subsequently acquired to a trust company (hereafter called Fidelity) as trustee for an issue of $2,800,000 bonds. The mortgage was duly recorded. Thereafter, on demand of the trustee and to prevent a foreclosure of the mortgage, Central delivered to Fidelity 1,581 shares of stock it owned of the Pilsener Brewing Company. Accompanying such delivery was a power of attorney to transfer such stock. No transfer has yet been made, but the stock and the power of attorney are still held by Fidelity.

It further appears that the mortgage, allowing for sale of any portion of the mortgaged property, provided "that the whole consideration moneys and the securities therefor shall be paid to the said Trustee, to be appropriated or applied to the purchase and extinguishment of the bonds hereby secured." Forty thousand dollars was paid by Central to Fidelity.

It is clear that thereafter Central had no right to get the stock and cash back until its mortgage debt was paid in full and that, had it attempted by legal action to recover the same, such suit could not be maintained. Such being the situation when Central thereafter went into the court below for reorganization under section 77B, Bankr.Act, 11 U.S.C.A. § 207, it is clear that the rights of the trustees of Central were no higher than Central then had. Moreover, the then situation was such that, Central not having possession of the stock and cash, any attempted reclaiming thereof could not be done by summary order, but only by plenary suit. Such being the case, it is clear that in making the summary order below the court erred and its order must be vacated, as was held in our opinion heretofore filed.

In so holding we have not overlooked the contention made that Fidelity submitted itself to the jurisdiction of the court by proving its claim. It was entitled to prove its claim, which would be for the balance of the mortgage owing less any payments or liquidations of any collaterals.

## On Further Rehearing.

This cause came on to be heard on the transcript of record from the District Court of the United States for the Middle District of Pennsylvania, and was argued by counsel;

And whereas the per curiam opinion of this Court filed November 26, 1937 inadvertently referred to the District Court's order of July 16, 1936, whereas it should have referred to the District Court's order of March 8, 1937,

On consideration whereof, it is now here ordered, adjudged and decreed by this Court that the said order of the said District Court dated March 8, 1937 in this cause be, and the same is hereby reversed, with costs.

The petition for rehearing filed March 26, 1938, is denied.