### SEEMANN v. NATIONAL BANK OF COMMERCE OF HOUSTON.

#### No. 9397.

Circuit Court of Appeals, Fifth Circuit.

June 10, 1940.

and on October 17, 1934, Charles L. Seemann was elected and qualified as successor trustee.

On July 30, 1935, Seemann, as trustee, instituted an ancillary suit in the United States District Court for the Southern District of Texas. By his petition he sought a summary order requiring the National Bank of Commerce of Houston to turn over to him: (1) Certificate No. 197 for 100 shares of the capital stock of City Bank & Trust Company of Houston; and (2) the sum of $6,396.67 alleged to have been paid to the bank after the filing of the involuntary petition on various accounts receivable which had been assigned to the bank.

The court appointed a special master who held a hearing and thereafter filed his findings of fact, conclusions of law, and recommendations. The court adopted the findings of fact, dismissed that portion of the suit with reference to the 100 shares of stock, and entered judgment denying any relief pertaining to the $6,396.67 paid to the bank. From this judgment the trustee has appealed.

The findings of fact are fully supported by the evidence. It is clear that certificate No. 197 for 100 shares of City Bank stock had been endorsed in blank by Ladin's Company, and had been in the actual possession of the appellee and its predecessor bank for a long time prior to the filing of the involuntary petition in bankruptcy.

In a summary proceeding, in the absence of consent by an adverse claimant, a court of bankruptcy is without jurisdiction to adjudicate a controversy over property held adversely to the bankrupt estate. The claim of the appellee bank to the 100 shares of stock was not merely colorable, it was a real and substantial adverse claim. The court was without jurisdiction to adjudge the merits of the stock claim and properly dismissed that portion of the bill of complaint. Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Southwestern Lumber Company v. Kerr, D.C., 11 F.Supp. 253, affirmed 5 Cir., 78 F.2d 348, 349; American Finance Company v. Coppard, 5 Cir., 45 F.2d 154.

The record shows that the accounts receivable here in controversy were assigned to the bank by S. P. Ladin, president of the bankrupt, on June 25, 1932, the day following the filing of the involuntary pe-

W. B. Spencer, Jr., and John W. Harrell, both of New Orleans, La., and Douglas W. McGregor, of Houston, Tex., for appellant.

Jack Binion and Gainer B. Jones, both of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Ladin's Company, a Delaware corporation, owned and operated two clothing stores in Houston, one in New Orleans, and one in San Antonio. On June 24, 1932, an involuntary petition in bankruptcy was filed against the company in the District Court of the United States for the Eastern District of Louisiana. A receiver and ancillary receivers were appointed and on July 20, 1932, Ladin's Company was adjudicated a bankrupt. On August 4, 1932, at a creditors' meeting, John A. Wenger was appointed, confirmed, and qualified as trustee of the bankrupt estate. Wenger served as trustee until September 18, 1934,

tition. It is further shown that the assignment had been agreed upon some days previously by Ladin and the bank and that the plan was carried through by the parties without either of them having actual knowledge of the filing of the involuntary petition in the District Court.

At the first meeting of the creditors one Leon Bloch submitted an offer to purchase all assets of the bankrupt estate, including the accounts covered by assignment to the bank. The sale was agreed upon and the referee entered an order approving it. On December 28, 1932, the trustee executed a bill of sale to Mrs. Eva Ladin, assignee of Bloch, and insofar as the two Houston stores were concerned the proposed sale was carried out, including the sale of the assigned accounts receivable of the two Houston stores. At the time of the hearing before the special master the trustee had in his possession $10,700 of the consideration for the sale to Mrs. Ladin.

It appears that of the sum of $6,396.67 sued for $3,400 had been paid to the appellee bank by the trustee. This amount represented collections on accounts which had been assigned to the bank. The trustee asked authority to pay this sum to the bank, and the referee entered an order directing that the money be paid over. The temporary receiver made collections and paid $2,336.61 to the bank. The special master and the court found that all the money so paid was the proceeds of assigned accounts receivable and that "there was no evidence to show that any of the monies paid to the bank were the proceeds of any accounts collected that were due the New Orleans store."

No appeal was taken from the orders of the referee approving the sale and ordering the trustee to pay the collection monies to the bank. In passing upon the finality of orders of a referee this court recently said, "Within this limited scope, his orders are only prima facie correct and binding, being subject to review, modification, and correction on timely petition to the judge. In the absence of review, and within the scope of his authority as vested in him by the order of reference, his acts become binding upon the parties * * * because his orders have become the final orders of the bankruptcy court." Donald v. Bankers Life Co., 5 Cir., 107 F.2d 810, 812; Breit v. Moore, 9 Cir., 220 F. 97; In re Small Shoe Co., 2 Cir., 5 F.2d 956; Ull-

man Stern & Krausse v. Coppard, 5 Cir., 246 F. 124.

The payment of the $6,396.67 to the appellee was in accordance with the offer, purchase, and sale, and the uncontested and unappealed from orders of the referee entered in connection with the sale. The attack of the trustee in these ancillary proceedings is nothing more than a collateral attack on the orders of the primary bankruptcy court. Cf. Robertson v. Howard, 229 U.S. 254, 33 S.Ct. 854, 57 L.Ed. 1174.

The judgment is affirmed.