### In re FRANKLIN GARDEN APARTMENTS, Inc.

No. 40414.

District Court, E. D. New York.

July 2, 1941.

Zalkin & Cohen, of New York City, for Trustee.

Herman G. Robbins, of Brooklyn, N. Y., for Charles Trinin.

GALSTON, District Court.

The trustee of the debtor seeks an order adjudging that the debtor is not indebted to one Charles Trinin, doing business as Key Plastering Company, and declaring null and void mechanics' liens filed by Trinin against the premises of the debtor and directing him to vacate, discharge and satisfy the said liens.

The liens were filed pursuant to the provisions of the Lien Law of the State of New York, the first on October 29, 1940, in the sum of $10,183.18; and thereafter on December 6, 1940, an amended lien in the sum of $17,683.18. In January, 1941, the lienor instituted an action in the Supreme Court of the State of New York, Queens County, to foreclose the aforesaid amended mechanics' lien. On February 5, 1941, the petition for reorganization herein was filed, which was approved on February 8, 1941.

The trustee's petition recites that the premises are now in his possession and that he is operating the apartment house on behalf of the estate of the debtor. For various reasons which are set forth in the petition, and which it does not become necessary to repeat in detail for the disposition of this motion, it is alleged that Trinin wilfully exaggerated the amount for which he claims a lien, and indeed that the lien is null and void because no monies are due to the alleged lienor in respect to the matter set forth in his notices of lien.

Therefore the trustee contends that these notices of lien constitute a cloud upon the aforesaid real property and that as such in a measure they obstruct the consummation of the plan of reorganization which is presently to be proposed to the creditors of the debtor.

The lienor appears specially to object to the summary jurisdiction of the court and to urge that the action to foreclose the mechanics' lien now pending in the Supreme Court of the State should not be interfered with by this court. He contends that a mechanics' lien, if filed within the time prescribed by the state statute, is not affected by the filing of a petition in bankruptcy, New York-Brooklyn Fuel Corp., Bankrupt, v. Fuller, 2 Cir., 11 F.2d 802; In the Matter of Weston et al., Bankrupt, 2 Cir., 68 F.2d 913, 98 A.L.R. 319. Neither case is pertinent to the narrow issue herein, which is one of jurisdiction. The former case went merely to the question of the validity of the lien which, though filed subsequently to the filing of a petition in bankruptcy, related to labor and materials supplied within four months of the filing of the petition in bankruptcy. Indeed the case inferentially may be considered as authority for the exercise of jurisdiction by the bankruptcy court, for therein it is stated [11 F.2d 804]: "In matters of lien law, the local law, established by decisions of the courts of last resort of the state, shall have a controlling influence on the federal courts, and if a local law is expressed in sufficient clearness, the national courts will accept it, rather than form their own judgment. In re Seward Dredging Co. [2 Cir.] 242 F. 225, 155 C.C.A. 65; Kemp Lumber Co. v. Howard [8 Cir.] 237 F. 574, 150 C.C.A. 456." Nor is the lienor's reliance on In re Weston any happier. In that case one of the questions presented was whether possession in the bankruptcy court prevents the state court from obtaining jurisdiction and it was said [68 F.2d 916]: "Even though the lien existed at the time of bankruptcy, it is clear that since the property against which the lien was asserted was in the custody of the bankruptcy court, it could enjoin a later suit to enforce the lien. Isaacs v. Hobbs Tie & Timber Co., supra [282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645]."

The trustee in support of his motion relies indeed upon the Weston case, and also upon Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 271, 75 L.Ed. 645. There, generally stated, it was said that: "The title and right to possession of all property owned and possessed by the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy,

no matter whether situated within or without the district in which the court sits. Robertson v. Howard, 229 U.S. 254, 259, 260, 33 S.Ct. 854, 57 L.Ed. 1174; Wells & Co. v. Sharp [8 Cir.] 208 F. 393; Galbraith v. Robson-Hilliard Grocery Co. [8 Cir.] 216 F. 842. It follows that the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate. It may order a sale of real estate lying outside the district. Robertson v. Howard, supra; In re Wilka (D.C.) 131 F. 1004. When this jurisdiction has attached, the court's possession cannot be affected by actions brought in other courts. White v. Schloerb, 178 U.S. 542, 20 S.Ct. 1007, 44 L.Ed. 1183; Murphy v. Hofman Co., 211 U.S. 562, 29 S.Ct. 154, 53 L.Ed. 327; Dayton v. Stanard, 241 U.S. 588, 36 S.Ct. 695, 60 L.Ed. 1190. This is but an application of the well-recognized rule that, when a court of competent jurisdiction takes possession of property through its officers, this withdraws the property from the jurisdiction of all other courts which, though of concurrent jurisdiction, may not disturb that possession; and that the court originally acquiring jurisdiction is competent to hear and determine all questions respecting title, possession, and control of the property. Murphy v. Hofman Co., supra; Wabash R. Co. v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379; Harkin v. Brundage, 276 U.S. 36, 48 S.Ct. 268, 72 L.Ed. 457. Thus while valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved, it is solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation."

 Ample authority, therefore, exists for the exercise of jurisdiction by the bankruptcy court in the determination of the validity of the asserted liens. Moreover, there should be no reluctance to the exercise of such jurisdiction because in a Chapter X proceeding, 11 U.S.C.A. § 501 et seq., it is essential that plans of reorganization be facilitated and not retarded. Here the respective rights of the parties can be speedily determined. The lienor, it is true, is subjected to a different forum but without the slightest loss of his substantive rights, for this court must apply the local law.

The motion is therefore granted and the matter will be referred to the special master for hearing and determination.

Settle order on notice.