## MAR-TEX REALIZATION CORPORATION v. WOLFSON.

### No. 38.

Circuit Court of Appeals, Second Circuit.
Nov. 2, 1944.

Julius Lerner, of New York City (Meyer Dvorkin, of New York City, on the brief), for appellant.

John A. Kelly, of New York City (Milbank, Tweed & Hope and Thomas P. Farley, all of New York City, on the brief), for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

In September, 1937, appellant Wolfson brought action in the Supreme Court of the State of New York to recover $12,199.67 of the Mar-Tex Oil Company as unpaid balance of the purchase price of 64 shares of stock of Tex Holdings, Inc., sold by him to the Company the previous year. Pursuant to a warrant of attachment issued in that action, the Sheriff of New York County levied on funds of the defendant in the amount of $4,770.34. These funds, still held by his successor, the Sheriff of the City of New York, furnish the casus belli herein. Before the action came on for trial, the defendant Oil Company filed a petition for reorganization under Bankruptcy Act, Ch. X, 11 U.S.C.A. § 501 et seq., in the District Court of the United States for the Northern District of Texas; and that court on November 20, 1940, stayed appellant's continuation of his action "until final decree, or the further order of this court." Pursuant to this order the New York Supreme Court stayed trial. Thereafter appellant filed a proof of claim in the reorganization proceeding to recover the same amount sought in his action in New York. The District Court appointed a special master, who, notwithstanding appellant's objections to his jurisdiction, proceeded to take testimony in appellant's absence and filed his report disallowing appellant's claim. This report the court approved, and then it overruled exceptions filed by appellant to it. Requests for the fund to the sheriff and appellant having failed to produce it, the court on June 30, 1942, after notice and hearing entered an order finding the debtor's trustee entitled to the fund and directing the sheriff and appellant to turn over and surrender it, less legal charges. When this order was not obeyed, the trustee moved that the sheriff be held in contempt; and the motion was granted over opposition of the sheriff and appellant, although no order has been entered. No appeals were taken from these or any of the later holdings or orders of the District Court in Texas.

On May 1, 1943, the reorganization proceedings had advanced to the point where the reorganization court entered an order in aid of consummation of the amended plan of reorganization, under which Mar-Tex Realization Corporation, appellee herein, had been organized to take over the debtor's assets, subject to certain liabilities. This order further vested in appellee all "the rights, title and interest" of the debtor and of the trustee to this fund, and granted it authority to take any necessary action or other legal proceedings, in its own name or in the name of the trustee, to recover the fund. The trustee then assigned to appellee all of his and the debtor's right, title, and interest in and to "that certain cause or causes of action which said debtor" had against appellant and the sheriff, "involving the sum of approximately $4,770.34." In the order the court reserved jurisdiction "of and over such claim and all issues of fact and law involved in connection therewith."

The final reorganization decree was entered by the District Court in Texas on June 19, 1943. This reserved full jurisdiction to determine and take all action necessary in connection with the debtor's claim against the sheriff, closed the estate of the debtor, and discharged it from its debts, discharged the trustee, and perpetually enjoined and stayed all creditors and claimants from pursuing any proceedings at law or otherwise against the debtor based on any claim existing at the time of the filing of the reorganization petition.

Thereafter appellant sought to have the stay in the New York Supreme Court vacated, but this was opposed by appellee on a full showing of the above facts. Nevertheless that court vacated the stay on November 13, 1943, and restored the action to the calendar for trial, granting leave to the debtor, however, to file a supplemental answer setting up the final decree of the District Court as a defense. Thereafter appellee moved in the action to vacate the warrant of attachment, or, in the alternative, for leave to intervene to set up the District Court decree as a defense; but this motion was denied, and the case was on the calendar for trial until the court below granted the permanent stay from which this appeal has been taken.

Appellee relies on the decree from Texas as full and final adjudication against appellant, and the order below as in proper aid of this decree. This view was accepted by the District Court, 54 F.Supp. 593. Appellant relies on several cognate points to

the effect that the relief in any event was misconceived, since at best appellant could be enjoined only from obtaining the fund in question, not from pressing his action, that the stay order of 1940 had expired, that appellee was not a party to the state action and hence could not ask for its stay, that the court was without power to order a permanent, as distinguished from a temporary, stay of a state court action, and that appellee, having sought to appear in the state court action, is bound by its orders.

So far as appellant's grounds of appeal stress merely procedural, rather than jurisdictional, problems, we think they can be disposed of shortly. Thus the original stay of 1940, authorized by 11 U.S.C.A. §§ 29, 516(4), was properly superseded by the permanent stay on final decree, 11 U.S.C.A. § 628(4); the court properly reserved jurisdiction to see that its decree was carried out, North American Car Corp. v. Peerless Weighing & Vending Mach. Corp., 2 Cir., 143 F.2d 938; Clinton Trust Co. v. John H. Elliott Leather Co., 2 Cir., 132 F.2d 299, 303, and cases cited; In re Paramount Publix Corp., 2 Cir., 82 F.2d 230; it had constituted appellee as the agency to act in the premises, either in its own name or in the name of the trustee, In re Standard Gas & Electric Co., 3 Cir., 139 F.2d 149, certiorari denied Spitzer v. Standard Gas & Electric Co., 321 U.S. 796, 64 S.Ct. 848; Shores v. Hendy Realization Co., 9 Cir., .133 F.2d 738; it might properly stay state court proceedings which interfered with its exclusive jurisdiction and violated its express orders, Ibid.; Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195; Beneficial Loan Co. v. Noble,

10 Cir., 129 F.2d 425, 427; Seaboard Small Loan Corp. v. Ottinger, 4 Cir., 50 F.2d 856, 859-860, 77 A.L.R. 956; and appellee cannot be held to have destroyed an exclusive bankruptcy jurisdiction, if existing, by its attempts to demonstrate to the state court that such jurisdiction did exist. Continental Illinois Nat. Bank & Trust Co. of Chicago v. Chicago, R. I. & P. R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; Marine Harbor Properties v. Manufacturer's Trust Co., 317 U.S. 78, 84, 85, 63 S. Ct. 93, 87 L.Ed. 64.[1] Hence the real issues here involved are the extent to which the District Court in Texas had jurisdiction in the premises, and how far the District Court in New York might go in aid of that jurisdiction, if existing.

That the District Court in Texas was the appropriate federal court for the reorganization proceedings under 11 U.S.C. A. § 528 has not been challenged and now cannot be attacked. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104. Hence that court had "exclusive jurisdiction of the debtor and its property, wherever located." 11 U.S.C.A. § 511. Unlike the territorially limited jurisdiction of the bankruptcy court in an ordinary liquidation proceeding, the summary power of the reorganization court is complete throughout the country; and in consequence, its process runs in any judicial district. In re Greyling Realty Corp., 2 Cir., 74 F.2d 734, certiorari denied Troutman v. Compton, 294 U.S. 725, 55 S.Ct. 639, 79 L.Ed. 1256; In re Standard Gas & Electric Co., supra; see also Continental Illinois Nat. Bank & Trust Co. of Chicago v. Chicago, R. I. & P. R. Co., supra, 294 U.S. at page 683, 55 S.Ct. at page 609, 79 L.Ed. 1110. These extensive powers were granted to the re-

---

[1] The cases relied on by appellant to show estoppel are cases of nonexclusive federal jurisdiction sought after state jurisdiction had properly attached, e. g., Grant v. Buckner, 172 U.S. 232, 19 S.Ct. 163, 43 L.Ed. 430; Winchester v. Heiskell, 119 U.S. 450, 7 S.Ct. 281, 30 L.Ed. 462; and Scott v. Kelly, 89 U.S. 57, 22 Wall. 57, 22 L.Ed. 729, where the trustee had voluntarily submitted to state jurisdiction on claims not then within exclusive bankruptcy jurisdiction (unlike the present case, where state adjudication was stopped while complete federal adjudication took place); or In re Devereaux, 2 Cir., 76 F.2d 522, certiorari denied Devereaux v. Belsey, 296 U.S. 589, 56 S.Ct. 100, 80 L.Ed. 416, where a discharged

bankrupt, after proceeding unsuccessfully in a state court for the discharge and cancellation of a judgment against him, thereafter attempted relitigation of the matter in a federal court. Appellant's further objection that this proceeding was commenced only by notice of motion, if valid at all, cf. Seaboard Small Loan Corp. v. Ottinger, supra, 50 F.2d at page 860, 77 A.L.R. 956, certainly lost all importance when the parties appeared and were at issue on the merits. Hackner v. Guaranty Trust Co. of New York, 2 Cir., 117 F.2d 95, 98, certiorari denied 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520; Chisholm v. Gilmer, 299 U.S. 99, 57 S.Ct. 65, 81 L.Ed. 63.

organization court in order to eliminate the time-consuming and costly procedure in equity receiverships, which necessitated the appointment of ancillary receivers in districts other than the domiciliary district, Swaine, Corporate Reorganization under the Federal Bankruptcy Power, 19 Va.L. Rev. 317, 327-328; Gerdes, Section 77B, the Chandler Bill and Other Proposed Revisions, 35 Mich. L. Rev. 361, 363, by substituting therefor the centralized administration of a single reorganization court. In re Greyling Realty Corp., supra; Rep. of Com. on the Judiciary, "Revision of the National Bankruptcy Act," H.R.Rep. No. 1409, 75th Cong., 1st Sess., 37. This District Court's exclusive and summary jurisdiction, therefore, reached to the particular funds involved. This is so, despite the earlier attachment, for this at most afforded security for the payment of appellant's claim and it is well settled that the administration and modification of secured claims is an essential feature of a corporate reorganization. In re Prudence-Bonds Corp., 2 Cir., 77 F.2d 328, 330, certiorari denied President and Directors of Manhattan Co. v. Prudence-Bonds Corp., 296 U.S. 584, 56 S.Ct. 95, 80 L.Ed. 413; In re Maier Brewing Corp., D.C.S.D. Cal., 38 F.Supp. 806, 815-818; cf. In re Franklin Gardens Apts., D.C.E.D.N.Y., 40 F.Supp. 117; In re Koch, 2 Cir., 116 F.2d 243, certiorari denied Hirson v. Koch, 313 U.S. 565, 61 S.Ct. 941, 85 L.Ed. 1524; Emil v. Hanley, 318 U.S. 515, 522, 63 S.Ct. 687, 87 L.Ed. 954.

Objection is made that the present proceeding is not in rem against property, but is only in personam, and that at most the only remedy must be some proceeding to vacate the attachment. But such a course seems not only not necessary, but improper, since the attachment, having been procured more than four months before the reorganization proceedings were begun, is effective at least as security for whatever claim appellant might have. The effective order here is the turnover order, which stands unchallenged. It is a summary order for the transfer of property; and the order operating to stay the state action here is a proper accessory to it, because appellant's manifest objective in pressing that action is to perfect his asserted interest in the attached funds, all other assets of the debtor being clearly beyond his reach. Cases such as In re Standard Gas & Electric Co., 3 Cir., 119 F.2d 658, and cases there cited, holding process in plenary suits affecting proceedings under the former § 77B, 11 U.S.C.A. § 207, not to run beyond the district, are, therefore, not in point, whatever may be the effect of the removal of the territorial restrictions of Bankruptcy Act, § 23, 11 U.S.C.A. § 46, from the present Ch. X proceedings, 11 U.S.C.A. § 502.

Hence there can be little doubt of the validity and effectiveness of the reorganization court's decrees; the seeming unwillingness of the state judges to respect them was apparently based on procedural grounds, namely, that the decrees were not properly before the court in that action[2] The issues remaining for consideration are, therefore, whether the court below had jurisdiction to pass ancillary orders in aid of the decrees of the principal court, and whether that jurisdiction, if existing, should be exercised here.

In the case of Babbitt v. Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969, the Supreme Court held that under the general provisions of Bankruptcy Act, § 2, sub. a(7), 11 U.S.C.A. § 11, sub. a(7), a district court could give ancillary assistance to the summary jurisdiction of a principal bankruptcy court. Thereafter, and by an amendment enacted in 1910, a new subsection was added, § 2, sub. a(20), 11 U.S.C.A. § 11, sub. a(20), which expressly empowers the courts of bankruptcy to "exercise ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee" appointed in bankruptcy proceedings elsewhere. In 1938, a proviso was added to this subsection limiting "the jurisdiction of the ancillary court over a bankrupt's property which it takes into its custody" to preserving it, or conducting the bankrupt's business where necessary and reducing the property to money, and transmitting it or its proceeds "to the court of primary jurisdiction." Hence this subsection is not in terms applicable to reorganization proceedings where there are no courts of "primary" or "ancillary jurisdic-

[2] Technically this seems justified; of course, appellant was the person enjoined, and whatever risks of contempt he might be willing to take personally, the judges themselves were not barred from proceeding at least to see if the decrees constituted a defense to, rather than a stay of, the action.

tion," but only one court of exclusive jurisdiction; and other of its details are not fully applicable here, where the court had not taken property of a bankrupt "into its custody." Whether and how far this provision can or should be made available in reorganization proceedings, however, need not here be determined,[3] for we think Babbitt v. Dutcher ample authority for jurisdiction in bankruptcy courts in aid of reorganization decrees where necessary or convenient. That the rule of the Babbitt case still obtains "independently" of § 2, sub. a(20) is held in In re J. H. Small Shoe Co., 2 Cir., 5 F.2d 956.

■ Babbitt v. Dutcher, supra, in upholding the power of a district court to aid summary turnover proceedings in another district, relied on § 2, sub. a(7), empowering courts of bankruptcy to "cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto," which is clearly consistent with the provisions of Ch. X. See also Bankruptcy Act, § 2, sub. a(15), for similar broad powers. There are obvious practical reasons why such aid may be quite necessary for quick and effective action; otherwise the estate of a debtor in reorganization at a distance may well be secreted or destroyed before effective process may be obtained, and the machinery for its operation, with appropriate safeguards or guaranties to the local marshal for his protection, as well as for the fees he must collect, 28 U.S.C.A. § 609; cf. Campbell v. Cothran, 56 N.Y. 279, duly set in motion.

Hence in an appropriate case an order such as that below might well be justified as a convenient aid in the enforcement of the principal decrees in reorganization. The real difficulty we have is to discover either its necessity or its utility under the present circumstances. For it does not more than has already been done by orders from the District Court in Texas, which, as we have seen, are perfectly valid and which, if disregarded, will place appellant in contempt of court. It is, to say the least, undignified for federal courts to keep on piling up orders only to have them disobeyed; such a course invites disobedience rather than otherwise. Furthermore, proceedings which will be ultimately effective must reach the sheriff who actually has the funds. If he has, as yet, failed to honor the turnover order directed against him, he will hardly bow to another stay order to appellant.

■ Since, therefore, the present order contributes nothing to an effective disposition of this dispute, it must be reversed. The case, however, need not be dismissed. While appellee may, of course, find it appropriate and sufficient to press proceedings for violation of the Texas District Court decrees in that court (where proceedings against the sheriff at least appear well under way), nevertheless it may well be able to show to the court below that further proceedings here, whether by way of punishment or otherwise, cf. In re J. H. Small Shoe Co., supra, 5 F.2d at page 957, but including the citing in of the sheriff, may be the more direct and effective way of enforcing those decrees. The case will, therefore, be remanded, so that the District Court, on appropriate application, may determine whether further proceedings consistent with this opinion or whether dismissal should be had. No costs will be taxed in this court.

Reversed and remanded, without prejudice to further proceedings consistent with this opinion.

---

[3] Although the provisions of Ch. X are designed to eliminate the necessity for the institution of ancillary proceedings, this perhaps need not show § 2, sub. a(20) entirely inapplicable where its procedure is convenient. It seems possible to say that a proceeding such as the present one is "in aid of a receiver or trustee," since appellee here acted as assignee of the trustee and, indeed, was authorized to use the trustee's name, placing it in a position fairly analogous to that of the special trustee, who in In re Standard Gas & Electric Co., supra, 3 Cir., 139 F.2d 149, was permitted to enjoin an action in a New York state court after the reorganization was completed.