### In re INWOOD HARDWARE CORP.
No. 4312.

United States District Court
N. D. Texas, Dallas Division.
Nov. 13, 1951.

· John Plath Green, Dallas, Tex., for lessors. .

Ungerman, Hill & Ungerman, Dallas, Tex., for trustee.

ATWELL, Chief Judge.

When the bankrupt became lessee of certain property in Dallas, Texas, for the conduct of a mercantile business, it deposited with the owners of such property, Louis J. Hexter, Sam Lobello, and Sam Lobello, Jr., $8,000 to guarantee its performance of the covenants of the lease. That deposit was made in two payments. The lease was for a term of ten years, at a rental of $720 per month.

On May 26, 1951, an involuntary petition in bankruptcy was filed against lessee corporation, and on June 4, 1951, it was adjudicated.

The Referee appointed Melvin Yonack, trustee, and on September 17, 1951, the trustee filed his application for a show cause order requiring lessors to turn over the deposit of $8,000.

The lease between lessors and lessee required the doing of certain things by the

lessee, and the failure to perform them was guarded against by the above mentioned $8,000 deposit. That deposit was turned over by the lessors to the Hexter Title Company, and is now either held by that company, or by the lessors.

 There is no fictitious or simulated holding of possession of this deposit. It has a bona fide claim to it for the settlement of lessee's warranties which were guarded against by the good faith contract by it and lessors. The original lease was amended, which, in no way, changes the binding force of the original lease.

The lease was terminated by the bankrupt on July 5, 1951. This rental contract arose and was fixed when it was executed prior to bankruptcy. The cause of action arising under the covenants of the lease for forfeiture and default arose when it was breached by the adjudication in bankruptcy and the failure of the tenant to perform as provided in the contract.

The National Bankruptcy Act, 11 U.S.C.A. § 1 et seq., does not afford the remedy of summary jurisdiction in a case based upon the above facts. A show cause order will not reach the fund. It must rest for disposal in litigation in a court having jurisdiction to hear and determine the controversy on the contract and over the fund between the parties to that contract. The trustee now stands in the place of the lessees for the purpose of such litigation. He may not have a summary remedy.

The Referee correctly reports the statutory authority for this course. Sec. 23 of the Bankruptcy Act, U.S.C.A. Title 11, chapter 4, § 46, provides:

"(a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this Act, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"(b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act had not been instituted, unless by consent of the defendant, except as provided in sections 60, 67, and 70 of this Act."

The lessees are bona fide adverse claimants to the fund, and, therefore, can only be brought in court in a plenary action. 5 Remington, Sec. 2134, page 254, Fourth Edition; Collier Bankruptcy Manual, 1948 Edition, Sec. 2302, page 299; Seemann v. National Bank of Commerce, 5 Cir., 112 F.2d 378; Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97; Sproul v. Levin, 8 Cir., 88 F.2d 866; Fidelity-Philadelphia Trust Co. v. Weaver, 3 Cir., 98 F.2d 471. Tauble-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770, is a judgment lien case but is somewhat helpful just here.

The action of the referee in refusing the show cause order, is affirmed.