**Thomas MURTAUGH and Betty Murtaugh, his wife,**

v.

**AMERICAN BUS LINES, Inc., and Kaplan Trucking Company.**

**Marie McCartney HARDWICK**

v.

**AMERICAN BUS LINES, Inc., and Kaplan Trucking Company.**

Civ. Nos. 11751, 11365.

United States District Court
W. D. Pennsylvania.

Dec. 2, 1954.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

George Y. Meyer, Pittsburgh, Pa., for defendant American Buslines, Inc.

Joseph P. Fisher, Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for defendant Kaplan Trucking Co., Inc.

MARSH, District Judge.

American Bus Lines, Inc., by Richard W. Smith, admittedly its duly authorized and acting trustee, moves the court for orders staying the plaintiffs, Thomas Murtaugh and Betty Murtaugh, his wife, and Marie McCartney Hardwick, from proceeding further with the prosecution of the above entitled trespass actions commenced by them during the year 1953, pending further order of the United States District Court at Lincoln, Nebraska.

It was alleged in the motions and admitted by the plaintiffs that American Bus Lines, Inc. was placed in reorganization, pursuant to Chapter X of the Act of Congress relating to Bankruptcy, 11 U.S.C.A. § 501 et seq., by order of the United States District Court for the District of Nebraska, Lincoln Division, dated February 10, 1953, a copy of which was attached to and made part of the motions. Paragraph 20 of this order enjoins and stays all persons from commencing or continuing any action at law, or suit or proceeding in equity, against the debtor in any court, and from doing any act or thing whatsoever to interfere in any manner with the exclusive jurisdiction of the reorganization court over the debtor and over the trustee.

The plaintiffs in their answers to the motions to stay averred that the reorganization court lacked the power to stay any or all proceedings in these cases, and that this court likewise lacks the power to stay the proceedings "by virtue of Section 77, subsection (j), Chapter 8 [sic] of the Act of Congress relating to Bankruptcy [11 U.S.C.A. § 205, sub. j]".[1]

Subsequently, the plaintiffs filed petitions requesting this court for reasons of hardship and economic distress to advance and specially set the cases "for trial as early in the month of October, 1954, as the court calendar will permit".

The motions to stay were argued on September 29, 1954. Afterwards, counsel for plaintiffs requested permission to file a supplemental brief which was granted, and in that brief it was averred that subsequent research had convinced him that the aforementioned Section 77, sub. j, was not applicable in defense of the motions as set forth in the plaintiffs' answers thereto. He further conceded that the United States Court in Nebraska had the power in reorganization proceedings to issue a stay. However, he argues that there are factors involved that place the plaintiffs in the instant actions against the debtor defendant beyond the power of the reorganization court. He cites Section 17, sub. a(2) of the Bankruptcy Act.[2]

The factors referred to apparently were amendments to the complaints, also filed subsequent to the argument, i. e., on October 12, 1954, which averred that the debtor defendant operated its bus "in such heedless disregard of the safety of its passengers as to constitute wanton misconduct". The argument then proceeds to maintain that the reorganization court had no power to stay proceedings in a suit against a debtor which is founded upon a claim from which a discharge in bankruptcy would not be a release. In support of this proposition, the following cases are cited: McKesson & Robbins v. Leonard James Co., 1942, 129 F.2d 563, 29 C.C.P.A.,Patents, 1137; In re Dutkiewicz, D.C.W.D.N.Y.1928, 27 F.2d 334; In re Greene, 7 Cir., 1937, 87 F.2d 951, 109 A.L.R. 1188.

---

1. The other defendant in these actions, namely, Kaplan Trucking Company, Inc., also filed an answer to the motions for a stay, setting up that the Nebraska reorganization court "lacks the power to stay any and all proceedings in this case, by reason of the nature of the business of the moving party, which brings it within the exception of Section 77, subsection (j), Chapter VIII, of the Bankruptcy Act". Kaplan has not receded from this position.

2. 52 Stat. 851 (1938), 11 U.S.C.A. § 35, sub. a(2).

Since the debtor defendant is not a railroad nor a subsidiary of a railroad, we agree with the plaintiffs that Section 77, sub. j, of Chapter VIII, has no application to these cases. The injunction of the District Court in Nebraska apparently was issued under § 116(4) of the Bankruptcy Act.[3] Pursuant to Section 111[4] of that Act, exclusive jurisdiction over the debtor and its property wherever located is placed in the reorganization court, and it has been held that the injunction issued by that court under Section 116(4) operates against all proceedings wherever they are instituted. Mar-Tex Realization Corp. v. Wolfson, 2 Cir., 1944, 145 F.2d 360. Since we accept that decision as a correct statement of the law, we think that there is no need for any action by this court other than to enforce the injunction of the reorganization court whenever that appears to be necessary or convenient.[5] No new stay order is required. Enforcement may be accomplished simply by refusal by this court to try these cases against the debtor defendant until the injunction of the reorganization court is lifted.

Even though we assume without decision that plaintiffs' claims are not dischargeable in ordinary bankruptcy,[6] it does not follow, as they argue, that the prosecution thereof may not be stayed in reorganization proceedings under Chapter X, nor do the cases on which they rely sustain this argument. The Greene and Dutkiewicz cases, supra, do not involve reorganization proceedings but rather concern suits against individuals who have been adjudicated bankrupts. The McKesson & Robbins case,

supra, does involve a corporation in reorganization under Section 116(4), but the court circumvented that section by holding that an action to cancel a trademark before the Patent Office was not a "suit" within the meaning of that section. Within the language of that case, the instant cases are clearly "suits" and subject to stay by the reorganization court.

As has been indicated, the power of the reorganization court to stay stems from Section 116(4) of the Bankruptcy Act; this section incorporates therein Section 11, sub. a,[7] of the Act. It is this latter section of the Act upon which the plaintiff apparently relies. But Section 116(4) also provides that upon approval of the reorganization petition, the judge of the reorganization court may "enjoin or stay until final decree the * * * continuation of a suit against the debtor". Under Section 11, sub. a, a stay permitted after an adjudication is a discretionary one and the bankruptcy court may only issue it against a pending suit "which is founded upon a claim from which a discharge would be a release".

In the ordinary bankruptcy proceedings, this provision of the Act exempts from the stay any claim excepted from discharge under Section 17 of the Act. But since in reorganization *all claims are dischargeable under Section 228(1),*[8] a stay may therefore be issued against a pending suit involving a claim *not dischargeable in ordinary bankruptcy.*

Illustrative of this conclusion are cases involving intentional torts, such as assault, false arrest and slander, which actions were stayed by the reorganization courts. Matter of B. M. O. Corp., D.C. S.D.N.Y.1938, 24 F.Supp. 652; In re

---

3. 52 Stat. 885 (1938), 11 U.S.C.A. § 516 (4).

4. Id. at 884, id., § 511.

5. As stated in the Wolfson case, supra [145 F.2d 364], in holding that the stay order issued by the reorganization court was sufficient: "It is, to say the least, undignified for federal courts to keep on piling up orders only to have them disobeyed; such a course invites disobedience rather than otherwise."

6. Actually we think there is considerable doubt that the amendments of October 12, 1954, have converted plaintiffs' suits from actions for negligence to actions for intentional torts.

7. 66 Stat. 422 (1952), 11 U.S.C.A. § 29, sub. a.

8. 52 Stat. 899 (1938), 11 U.S.C.A. § 628(1).

McCrory Stores Corp., D.C.S.D.N.Y.1937, 19 F.Supp. 367; 6 Collier, Bankruptcy, para. 3.29 (14th ed. 1947).

Accordingly an order will be entered denying the motions to stay but directing the Clerk to refrain from listing these cases for trial until further order of court.